Gartin v. Meredith.

---

GARTIN *v.* MEREDITH.

[No. 18,674. Filed May 23, 1899.]

CONTRIBUTORY NEGLIGENCE.—*Personal Injury.—Complaint.*—A complaint for damages which alleges that defendant negligently and unlawfully sold cartridges to a minor who went hunting with plaintiff, a boy nine years old, and while the boys were sitting on a log near each other a gun containing one of the cartridges, held by the boy who purchased them, was discharged, injuring plaintiff, is not sufficient as against a demurrer, where it is not expressly averred that plaintiff was free from contributory negligence. *pp. 17-19.*

SAME.—*Wilful Injury.—Complaint.*—The rule that a complaint in an action for a personal injury due to the negligence of the defendant is required to negative contributory negligence on the part of the injured person does not prevail where the injury was wilfully or purposely done. *p. 19.*

SAME. — *Wilful Injury. — Complaint.* — A complaint alleging that defendant negligently and unlawfully sold cartridges to a minor,

and that while such purchaser and plaintiff were sitting on a log near each other a gun containing one of the cartridges was discharged, injuring plaintiff, does not charge a wilful wrong and thereby relieve plaintiff of the burden of denying contributory negligence in his complaint.  *pp. 19, 20.*

CONTRIBUTORY NEGLIGENCE.—*Personal Injury.—Violation of Statute.*— The fact that defendant's negligence is violative of a positive statute will not warrant a recovery in an action for a personal injury, when contributory negligence is shown to exist on the part of the one sustaining the injury.  *p. 20.*

From the Decatur Circuit Court.  *Affirmed.*

*Cortez Ewing, Davison Wilson* and *G. W. Bruce,* for appellant.

*B. F. Bennett* and *T. E. Davidson,* for appellee.

JORDAN, C. J.—Action by appellant against appellee for $10,000 damages for personal injuries.  A demurrer was sustained to the complaint, and, plaintiff refusing to amend, judgment was rendered in favor of the defendant.

The only question presented relates to the sufficiency of the complaint.  It alleges that the defendant was engaged in conducting a general store in Decatur county, Indiana, and in November, 1897, that "he negligently and unlawfully sold to one Clarence Armstrong cartridges loaded with powder and ball."  Armstrong was a minor of the age of fifteen years, and purchased the cartridges to be used in a rifle.  The defendant "knew of the dangerous character of the cartridges, and the danger of Armstrong using them as proposed, and that he was unfit to be entrusted with such articles."  On the day the cartridges were sold by the defendant to Armstrong, the latter and the plaintiff, a boy nine years old, went hunting, in company with each other, Armstrong having possession of the rifle, which was loaded with one of the cartridges so purchased of the defendant.  While engaged in hunting on this occasion, and while plaintiff and Armstrong were sitting on a log near each other, the rifle was discharged, its contents entering plaintiff's leg, thereby

severely injuring him, in the manner stated in the complaint.

It is insisted by counsel for appellee that it does not appear from the averments of the complaint that the plaintiff did not contribute to the injury which he sustained, and therefore the pleading was properly held insufficient. The rule is firmly settled in this State that, in actions for personal injuries based upon negligence, it must be expressly averred in the complaint that the injury complained of was sustained without the fault or negligence of the plaintiff, unless it clearly appears, from the facts specifically alleged, that there was on plaintiff's part an absence of contributory negligence. *Sale* v. *Aurora, etc., Co.,* 147 Ind. 324, and cases there cited. There is no direct averment in the complaint to the effect that the plaintiff, at the time he was injured, was without fault or negligence on his part. Neither can it be said that the absence of such negligence is clearly disclosed by the specific facts stated in the complaint. The pleading merely discloses that, at the time the gun was discharged, Armstrong held it, and that he and plaintiff were sitting on a log near each other, and, under these circumstances, the gun seems to have been discharged, and plaintiff thereby injured. It does not expressly appear that the rifle was discharged by Armstrong nor by any other person. There is absolutely nothing to show what plaintiff was doing at the time the weapon was discharged, nor what connection, if any, he had in causing its discharge, or in receiving the injury in question, other than the fact averred that he was sitting on the log near Armstrong. All questions relative to the negligence on the part of plaintiff, if any, are left to conjecture. If it can be said that he seeks to recover on the theory that the injury received must be attributed to the negligence of the defendant in selling or furnishing the cartridges to Armstrong, a minor, then the complaint is subject to the rule asserted, and it must disclose that the plaintiff was not guilty of contributory negligence. But, in the absence of a direct

Gartin *v.* Meredith.

denial to that effect, we are not able to affirm, from the bare statement of facts in the complaint, that the plaintiff was free from contributory negligence; hence the pleading falls fully within the rule stated.

Appellant's counsel contend, however, that appellee, in the sale of the cartridges to Armstrong, violated §1886 R. S. 1881, §2070 Burns 1894, §1886 Horner 1897, and thereby perpetrated a positive or wilful wrong, and that no question of negligence is involved in the issue; hence, the case comes, as insisted, within the rule existing in respect to the perpetration of a wilful wrong, and the negation of fault or negligence on the part of plaintiff is not necessary. While it is true that a complaint, in an action for personal injury due to the negligence of the defendant, is required to negative contributory negligence on the part of the injured person, still it is also true that this rule does not prevail when the injury sustained is due to, and properly imputed by the complaint to, an act which was wilfully or purposely done by the defendant. In such a case the question of negligence does not arise, for "wilfulness" does not consist in "negligence," and the two terms are incompatible with each other. Wilfulness cannot be said to exist without a purpose or design. *Town of Salem* v. *Goller*, 76 Ind. 291; *Cleveland, etc., R. Co.* v. *Miller*, 149 Ind. 490, and cases there cited.

But the rule for which appellant contends cannot avail him in this action, for the complaint alleges that the defendant "negligently" sold the cartridges, etc., and it does not, under its averments, profess to proceed upon the theory that the injury complained of was the result of what the law regards as a wilful wrong on the part of the defendant. Certainly, under the facts alleged, the sale of the cartridges to Armstrong, a minor, in violation of the statute, so far as the plaintiff, a third person, is concerned, could be nothing more than negligence *per se*, and, under the particular circumstances disclosed, in no sense can the act of the defendant be held to be a wilful wrong, and thereby relieve the plaintiff

in this case of the burden of denying contributory negligence in his complaint. In actions of this character, the fact that the defendant's negligence is also violative of a positive statute will not warrant a recovery, when contributory negligence is shown to exist on the part of the one sustaining the injury. *Cincinnati, etc., R. Co.* v. *Butler*, 103 Ind. 31; *Weick* v. *Lander*, 75 Ill. 93; Elliott on Railroads, §1155.

The case of *Binford* v. *Johnston*, 82 Ind. 426, 42 Am. Rep. 508, cited and relied on by appellant, is in some respects similar to the case at bar, but the decision therein lends no support to appellant's contention in respect to contributory negligence, as it is there expressly said: "There is no such contributory negligence disclosed as will defeat a recovery." The fact that the negligence of the plaintiff was in issue in that case is thereby expressly recognized by the court.

The wrongful or negligent act of appellee in furnishing the cartridges to Armstrong, a minor, is conceded by appellee's counsel. Other objections, however, are by them urged against the complaint relative to the approximate cause of the injury, etc., but, as it is fatally defective for the reasons stated, we do not consider such objections, and the judgment is therefore affirmed.

Hadley, J., did not participate in this decision.