FOWLER, GUARDIAN, v. BALL ET AL., EXECUTORS.

[No. 11,544. Filed October 10, 1923. Rehearing denied February 5, 1924. Transfer denied November 19, 1924.]

1. EXECUTORS AND ADMINISTRATORS.—*Guardian seeking removal of executor must prove interest of ward.*—In an action by a guardian to remove an executor, it is incumbent upon the guardian to show that his ward was an interested person in the estate as required by the statute (§2762 Burns 1914, Acts 1883 p. 151). p. 169.

2. EXECUTORS AND ADMINISTRATORS.—*Heir of testator, not devisee incompetent to apply for removal of executor.*—An heir at law of a decedent, to whom no part of the estate was given by the decedent's will, had such an interest in the estate as gave him a right to contest the will, but did not have any real interest in the estate within the provision of the statute (§2762 Burns 1914, Acts 1883 p. 151) so as to authorize an application for the removal of the executor. p. 169.

3. EXECUTORS AND ADMINISTRATORS.—*Removal of executor; admissibility of evidence of invalidity of will.*—In an action by a guardian to remove an executor, where the guardian's ward had such an interest in the decedent's estate as gave him a right to contest the validity of a will which barred his inheritance, evidence of the invalidity of the will was inadmissible as that would be a collateral attack. p. 169.

4. EXECUTORS AND ADMINISTRATORS.—*Defense of plaintiff's lack of interest in proceeding to remove executor not waived by failure to plead.*—In an action by a guardian to remove an executor under the provisions of the statute (§2762 Burns 1914, Acts 1883 p. 151), providing for the removal of an executor on application by any person interested in the estate, the defendants did not waive their right to assert a defense based on lack of interest of plaintiff by failure to demur to the complaint or to plead facts by way of answer, since the plaintiff's lack of interest went to his right to maintain the action and not to his capacity to sue. p. 170.

5. EXECUTORS AND ADMINISTRATORS.—*Complaint by guardian to remove executor which showed ward had no interest in estate demurrable.*—In an action by a guardian to remove an executor

as provided by §2762 Burns 1914, Acts 1883 p. 151, on application by any person interested in the estate, a complaint which showed on its face the disqualification of plaintiff's ward could have been challenged by demurrer under the fifth clause of §344 Burns 1914, Acts 1911 p. 415. p. 170.

6. EXECUTORS AND ADMINISTRATORS.—*Proof of plaintiff's qualifications to bring action to remove executor must be made although not raised by demurrer.*—In an action to remove an executor by a guardian, if the qualifications of the plaintiff's ward as required by statute (§2762 Burns 1914, Acts 1911 p. 151) are not shown by the averments of the complaint, a failure to demur for want of sufficient facts did not relieve plaintiff from making proof of such qualifications. p. 170.

7. APPEAL.—*Court on appeal will assume certain facts not proved if omitted in brief.*—Where the appellant's brief contains no evidence as to certain facts, the appellate court on appeal will assume there was no such evidence. p. 171.

8. COURTS.—*Action of probate courts sustained unless abuse of discretion shown.*—An appellate tribunal will not attempt to control or interfere with the action of probate courts in the administration of estates, except where it is clear that there has been an abuse of discretion. p. 171.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Cecil G. Fowler, as guardian of Moses Fowler, a person of unsound mind, against Walter J. Ball and Morrison R. Waite, as executors of the last will of Ophelia Fowler Duhme, deceased. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Samuel P. Baird, Rochester Baird, Cox, Welliver & Walsh, Barce & Barce* and *Ernest M. Hawkins,* for appellant.

*Gaylord & Sills* and *Charles M. Snyder,* for appellee.

BATMAN, J.—This is an action by appellant to have appellees removed from their trust as executors of the last will of Ophelia Fowler Duhme, deceased. After issues were joined, the cause was submitted to the court for trial, resulting in a judgment in favor of appellees. Appellant filed a motion for a new trial, and assigned as reasons therefor, that the decision of the court is not sustained by sufficient evidence, and is contrary to

law.  This motion having been overruled, this appeal followed.

It is apparent that appellant in this action is seeking to assert, on behalf of his ward, a right under §2762 Burns 1914, Acts 1883 p. 151, which provides as follows:  "On a written application, verified by oath, of any person interested in the estate, or of any co-executor, co-administrator, or surety of such executor or administrator, specifying the grounds of complaint, any executor or administrator with the will annexed, or administrator may be removed  *  *  *."  The judgment, therefore, must be considered as a denial of the relief therein provided, and of none other.  In order to be entitled to such relief, it is incumbent upon appellant to show that his ward comes within the provisions of the section of the statute cited.  *Harrison* v. *Stanton* (1896), 146 Ind. 366; *Blanchard* v. *Wilbur* (1899), 153 Ind. 387; *Weir* v. *State, ex rel.* (1903), 161 Ind. 435.

It is not contended that appellant's ward is a co-executor with appellees of the last will of said decedent, or that he is surety on the bond of any executor thereof, but it is claimed that such ward is interested in the estate of said decedent by reason of being her heir.  Appellees insist that there is no evidence of any such heirship, and assert, that even if there was such evidence, it would not bring appellant's ward within the provisions of the section quoted above, as the will of the decedent, through which he makes no claim, bars any interest as an heir in said estate.  In an attempt to answer this obvious fact, appellant asserts that his ward, being an heir of said decedent, has such an interest in her estate as gives him a right to contest her will, and that such an action is now pending.  This, however, does not suffice to give appellant's ward any real interest in said estate, which

can be said to be existing, as such will constitutes a bar which no amount of evidence, *admissible in the instant case,* will remove. True, appellant's ward, if an heir, has such an interest in the estate of said decedent as gives a right to contest the will which bars his inheritance, but it must be remembered that such an action is a direct attack on such will, in which evidence may be heard that will remove such bar, and thereby render absolute an interest which was theretofore contingent only. In the instant case, however, such evidence would not be admissible, since it would be an attempt to attack the validity of a will in a collateral proceeding. In reaching this conclusion we have followed the case of *Vail, Admr.,* v. *Given* (1876), 55 Ind. 59, in which the court, in applying a statute, almost identical, to the facts before it, said: "It is clear, in our opinion, that such written application must show that the applicant, if not a co-administrator, or a surety on the administrator's bond, has a *real and existing interest* in the decedent's estate * * *." (Our italics.)

It cannot be successfully contended, that appellees have waived their right to assert a defense, based on a lack of an interest in appellant's ward, in the estate of the testatrix, by failing to demur to the complaint, or plead such fact by way of answer. It will be observed that appellant's legal capacity to sue is not involved, as that relates to some legal disability, as infancy, idiocy, coverture, and the like. *Nave* v. *Hadley* (1881), 74 Ind. 155; *Coddington* v. *Canaday* (1901), 157 Ind. 243; *Ziegler* v. *Ziegler* (1906), 39 Ind. App. 21. The fact that appellant's ward does not possess any of the qualifications prescribed in said §2762 Burns 1914, *supra,* if it be a fact, goes to appellant's right to maintain this action, and not to his capacity to sue. Such right might have been challenged

by demurrer to the complaint under the fifth clause of §344 Burns 1914, Acts 1911 p. 415, if the fact sufficiently appears. *Frazer, Trustee,* v. *State, etc.* (1886), 106 Ind. 471; *State, ex rel.,* v. *Liberty Tp., etc.* (1912), 50 Ind. App. 208. If the fact does not sufficiently appear, no special answer was required, as it constitutes an essential element of the right of action. If the existence of such qualification is not shown by the averments of the complaint, the failure to demur for want of sufficient facts, did not relieve the plaintiff from making proof of such qualification. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157; *Thompson* v. *Divine* (1920), 73 Ind. App. 113. It follows that appellees have not lost any right, in the particular stated, through a waiver.

Thus far we have assumed that the evidence shows that appellant's ward is an heir of said testatrix, but an examination of the brief, filed in his behalf, fails to disclose such fact. Therefore, we must assume that there was no such evidence, as appellees contend, which leaves appellant without any showing of a right to maintain this action. But if there was such a showing, we would not feel justified in reversing the judgment because of the insufficiency of the evidence to sustain the finding on which it is based, in view of the wide discretion accorded courts with probate jurisdiction in the supervision of decedent's estates—the rule in this regard being, that an appellate tribunal will not attempt to control or interfere with the action of such courts in the administration of estates, except where it is clear that there has been an abuse of discretion. *Williams* v. *Tobias, Admr.* (1871), 37 Ind. 345; *Bowen* v. *Stewart, Admr.* (1891), 128 Ind. 507; *McFadden* v. *Ross* (1883), 93 Ind. 134; *Toledo, etc., R. Co.* v. *Reeves* (1893), 8 Ind. App. 667; *Diedrich* v. *Way* (1918), 67 Ind. App. 375; *Haughey* v. *Haughey*

(1920), 73 Ind. App. 318; *Scott* v. *Smith* (1908), 171 Ind. 453.

Appellant having failed to show that the court erred in overruling its motion for a new trial for either of the reasons assigned, the judgment is affirmed.