## DINNEN v. FRIES, ADMINISTRATOR.

[No. 13,912. Filed June 11, 1930. Rehearing denied. November 13, 1930. Transfer denied October 13, 1931.]

*Arthur H. Sapp, John V. Sees, Burr H. Glenn* and *Samuel C. Cleland,* for appellant.

*Frank Emerick, Joseph Mason* and *H. W. Mountz,* for appellee.

NICHOLS, J.—Action by appellee, as administrator of

the estate of William W. Smith, against John Hamilton and appellant, to recover damages on account of Smith having received fatal injuries in a highway collision while operating a motorcycle on a public highway in Allen County Indiana, on August 7, 1927. The action was prosecuted on behalf of a minor child of the deceased.

There was a trial by jury resulting in a verdict in favor of appellee, and against both defendants for $4,000. Appellant's motion for a new trial was overruled. The court rendered judgment on the verdict, and this appeal by Dinnen followed.

The error relied on for reversal is that the court erred in overruling appellant's motion for a new trial. It appears from appellee's statement of the evidence that the accident resulting in the decedent's death occurred on a paved highway known as the Lima Road, just outside Fort Wayne, leading from Fort Wayne to Kendallville. At the point of the accident, the general direction of the Lima Road is north and south, bearing somewhat west of north; it is intersected at this point by a graveled road running east and west, called the California Road. The deceased was traveling on a motorcycle from Fort Wayne north on the Lima Road; to the motorcycle was attached a side car which was occupied by a sister of deceased. As the deceased approached the intersection, appellant, whose car was being driven by a chauffeur, approached from the west on the gravel road, and defendant Hamilton approached from the north on the Lima Road, both automobiles arriving at the point of highway intersection at approximately the same time. Appellant's automobile was driven out on the concrete pavement of the Lima Road immediately in front of Hamilton's automobile, and, to avoid a collision between the two automobiles, Hamilton turned his automobile suddenly to the left across the Lima Road to the left side

thereof, in front of the motorcycle, with which it collided, resulting in the death of the deceased.

The deceased left surviving him, as his only dependent, a daughter, nine years old.

Appellant's statement of the evidence, giving it, as he says, the construction most favorable to appellee, establishes the following facts: That appellee's decedent was traveling north on the Lima Road, a paved public highway, by motorcycle; that Hamilton was traveling south on the Lima Road by automobile; that appellant was traveling east on the California Road, an unpaved intersecting highway, by automobile; that both of said highways were Allen County highways, and neither was a 'through" or preferential highway; that the Lima Road is 21 feet wide and the California Road is 50 feet wide; the two appellants arrived at the intersection at approximately the same time, appellant Dinnen probably arriving somewhat before Hamilton; that each was traveling about 30 miles per hour or less; that the view across the northwest corner of the intersection was somewhat obstructed; Dinnen turned south, or to the right, on the Lima Road and in front of Hamilton's car; that decedent was then a considerable distance south of the intersection; that Hamilton was unable to control or stop his car without running into the Dinnen car and turned to his left, east, and around Dinnen's car; that Hamilton attempted to get off the road on the east side to escape the approaching motorcycle and succeeded in getting both his left wheels 18 to 20 inches off of the pavement, at which time the right front corner of his car collided with the side car attached to the right side of the motorcycle; that, at the time of the collision, there was six to eight feet of space between the two automobiles, which, appellant says, was sufficient for the motorcycle and side car to have passed through without touching either car; that Dinnen was at all times on his

own, or right, half of the highway, both before and at the time of the collision; that Dinnen's car did not at any time hit, collide with, touch or come in contact with either the motorcycle or the Hamilton car.

It is to be observed that while the two statements are not alike in form, and while they have not both stated the same facts, there are no contradictory statements therein, and we accept them both as substantially correct statements of the facts involved. It appears by appellee's statement that appellant's car was driven onto the concrete pavement of the Lima Road in front of Hamilton's automobile, and, to avoid a collision between the two cars, Hamilton was compelled to turn his car to the left, across the Lima Road, and the collision between his car and the motorcycle resulted in the death of the deceased. Appellant states that he and Hamilton arrived at the intersection at approximately the same time. We do not need to consider any question as to the negligence of Hamilton. Judgment was rendered against him and he has not appealed. We do not, therefore, consider as to whether he was negligent or not. For the purposes of this appeal, we only need to determine as to whether there was any evidence that sustained the verdict of the jury as to the negligence of appellant.

Appellant, for the purpose of showing that he was not negligent, argues that he had the right of way over Hamilton, and cites to sustain his contention *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262. But that case, as we read it, is a most unfortunate one for appellant. It is held therein that the right of one reaching the intersection first is not an absolute one; that both drivers should exercise a reasonable care to avoid coming into collision, and that, when a driver who is

approaching a highway intersection, even though he arrives first and has the right of way, sees a vehicle approaching so near that there is a reasonable probability that there will be a collision if both proceed, then it is his duty to yield the right of way to the one approaching. It is further held therein that it is the duty of the driver on approaching a highway intersection to use reasonable care to discover whether or not there is any person approaching such intersection either from the left or from the right. Other authorities to the same effect are: *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234, 109 N. E. 353; *Wolf* v. *Vehling* (1923), 79 Ind. App. 221, 137 N. E. 713. In the light of these authorities, it was for the jury to determine as to appellant's negligence, and as to whether it was a proximate cause of the accident, and we hold that there was ample evidence to sustain the verdict, and that it was not contrary to law.

We have carefully examined the instructions, both those given and those refused, and hold that the court did not err in instructing the jury.

Judgment affirmed.