KELTNER *v.* PATTON.

[No. 25,587. Filed April 7, 1933.]

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*John A. Bonham* and *Robert W. Bonham,* for appellee.

MYERS, J.—Appellee, in the court below, recovered a judgment against appellant for alleged property damages sustained as a result of a collision between their respective automobiles at a highway crossing. The action of the court in overruling appellant's demurrer to the complaint and in overruling his motion for a new trial are the errors assigned.

Omitting the caption and signatures, the demurrer reads as follows: "Comes now the defendant in the above entitled cause and demurs to the plaintiff's complaint, and files herewith the following memoranda: 1. The plaintiff shows by the averments of his complaint that he was guilty of contributory negligence, which was the direct and proximate cause of the injury complained of. 2. The plaintiff does not show by the averments of his complaint that he was free from contributory negligence, which was the direct and proximate cause of the injury complained of."

This is a civil action, and our civil code, §362 Burns 1926, provides that a complaint may be tested by a demurrer for certain causes, one of which is, cl. 5, "that the complaint does not state facts sufficient to constitute a cause of action." When this cause is relied on,

cl. 6 requires it to be accompanied by a memorandum stating wherein such pleading is insufficient for want of facts. A memorandum, however, cannot be used to supply defects in such demurrer. In the instant case the cause for demurrer was probably inadvertently omitted, but it is not our province to supply it. The demurrer was properly overruled. *Grand Lodge, etc., Co.* v. *Clark* (1920), 189 Ind. 373, 127 N. E. 280; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710; *Grubbs* v. *King* (1889), 117 Ind. 243, 20 N. E. 142; *Young* v. *Warder* (1884), 94 Ind. 357.

Appellant relies on insufficient evidence to support the verdict, and verdict contrary to law. In this connection he asserts that the evidence conclusively shows that appellee was guilty of contributory negligence and therefore the verdict was contrary to law. The question here submitted on the evidence does not necessarily require that we determine whether the complaint alleged facts showing appellee free from fault, or that he was guilty of negligence proximately contributing to the injury to his automobile. While the complaint will be treated as one not having been tested by a demurrer, and while it may have omitted a necessary fact, yet the plaintiff will not be permitted to recover his damages without proof of facts essential to a cause of action. *Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484; *Princeton Coal Co.* v. *Dowdle* (1924), 194 Ind. 262, 142 N. E. 419; *Fowler, Gdn.,* v. *Ball, Exrs.* (1924), 82 Ind. App. 167, 141 N. E. 64.

The evidence consisted of the testimony of the plaintiff, his mother and wife, who were with him in the car at the time of the collision. Two other witnesses testified as to the value of the car before the collision, and its value after the collision. Appellant offered no evidence. The evidence is undisputed.

The witnesses to the collision gave practically the same testimony regarding the material facts in this case.

From the evidence, at present material, it appears that between six and seven o'clock on the evening of June 23d, appellee, with his mother, wife and step-daughter, was on State Road No. 35 about four miles west of Roll in Grant County driving west at a speed of about 25 miles an hour, and when about 50 to 60 yards east of a highway running north and south intersecting Road 35, he observed appellant alone in his car about 100 yards south of such intersection driving north at a speed of from 25 to 30 miles an hour; that he continuously looked straight ahead and at no time toward appellee; that there was no obstruction to prevent either driver from seeing the other; that at the side of the highway on which appellant was driving and on the south side of Road 35 there was a STOP sign which he could have seen had he looked; that appellant, as observed by appellee, did not slacken the speed of his car as he approached and entered upon Road 35; that appellant, when first seen by appellee, was 150 feet farther away from the crossing than was appellee. At that time appellee did not attempt to check the speed of his car. He said: "I didn't do anything only intend to take advantage of my right of the state highway. I supposed that he would stop." Appellee continued the speed of his car to within about 50 or 60 feet of the intersecting roads when he became convinced that appellant was not going to stop. Appellee then reduced the speed of his car and attempted to stop, and at the time of the collision his car was moving at a speed of about four or five miles per hour. Seeing that a collision was inevitable, he attempted to avoid it by turning his car to the left in an effort to go around the rear of appellant's car, but when he saw that could not be done, he unthoughtedly swerved "to

the right in order to miss him that way." The machines came together, appellee's car striking the rear portion of appellant's car, then swung to the north, turned over and into the ditch on the north side of the road, thereby sustaining extensive damage. The collision occurred near the center of Road 35. The topography of the country in the locality of the intersection, generally speaking, was level and the roads were practically on the same grade. Appellee was an experienced driver. He was engaged in the insurance business and had driven his car in his line of work approximately two years. The car was in excellent mechanical condition, and the brakes working "all right." Had he made an attempt to stop his car at a distance of 10 or 15 feet before he did, the collision would not have happened. His automobile was equipped with two-wheel brakes and he could have stopped within 100 feet. There was no evidence that either of the drivers of the automobiles in collision gave any signal or warning on approaching the highway crossing.

Appellee has called our attention to §380 Burns 1926, placing the burden on the defendant of proving contributory negligence. That statute applies to personal injury cases, but it has no application to actions, as here, for injury to property. *C., C., C. & St. L. Ry. Co.* v. *Tauer* (1911), 176 Ind. 621, 630, 96 N. E. 758; *Ft. Wayne, etc., Trac. Co.* v. *Monroeville, etc., Tel. Co.* (1913), 179 Ind. 334, 100 N. E. 69; *Indianapolis St. Ry. Co.* v. *Robinson* (1901), 157 Ind. 232, 61 N. E. 936; *Citizens St. Ry. Co.* v. *Jolly* (1903), 161 Ind. 80, 89, 67 N. E. 935.

In reviewing the evidence in cases on appeal our province is limited to the settled rule that "where evidentiary facts are undisputed and are of such a nature as to permit but one inference as to the ultimate fact to be drawn therefrom, the Appel-

late Court may draw that inference; but where the facts are such that men of equal fairness and intelligence may draw different conclusions, the finding of the trial court will not be disturbed on appeal." *National Surety Co.* v. *State, ex rel.* (1914), 181 Ind. 54, 65, 103 N. E. 105; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869; *Union Nat'l Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110.

As said in *City of Warsaw* v. *Dunlap* (1887), 112 Ind. 576, 580, 11 N. E. 623, 14 N. E. 568: "Whether a verdict is sustained by the evidence is determined by applying the law to the facts it proves, since it is obvious that, if the evidence does not bring the case within the governing legal principle, the verdict is without support." See, also, *Riley et al.* v. *Boyer et al.* (1881), 76 Ind. 152; *Brandt* v. *Hall* (1907), 40 Ind. App. 651, 82 N. E. 929; *Field* v. *Campbell* (1905), 164 Ind. 389, 400, 72 N. E. 260; *First Nat. Bank* v. *Farmers', etc., Bank* (1908), 171 Ind. 323, 345, 86 N. E. 417; *State, ex rel. Matthews* v. *Forsythe* (1897), 147 Ind. 466, 44 N. E. 593.

There is no evidence in this case indicating that appellant did anything or omitted to do anything which was calculated to deceive a person of ordinary prudence into a place of danger. Had it been shown that the STOP sign was one erected by authority of the State Highway Commission, it would tend to support an inference that the intersection was considered hazardous, and, to those approaching, a warning "to come to a full stop before crossing over." Conceding that appellee had the right of way, and that appellant was guilty of violating the "stop intersection" signal, a motor vehicle regulation (§10154 Burns 1926) in force at the time of the collision, and that under ordinary circumstances and within reasonable limits one

may assume that the driver of an automobile will use ordinary care and act in obedience to such regulations, still, if a person of ordinary prudence can foresee threatened danger from another who obviously is not exercising ordinary care, whether from the violation of a traffic regulation or not (*Gartin* v. *Meredith* [1899], 153 Ind. 16, 53 N. E. 936), he should take reasonable precautions under the circumstances to prevent a collision and injury. He cannot rely upon the presumption of ordinary care by such other person, when, from heedful attention, the contrary is disclosed to him.

From the foregoing observations, and as applicable to the instant class of cases, the general rule obtains that if the negligence of the driver of an automobile is so apparent as to apprise another of the impending danger, it is the latter's duty to use the means at his command and exercise the care of an ordinarily prudent person similarly situated to avoid injury, and failing so to do he is guilty of contributory negligence. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 476, 104 N. E. 234; *Dinnen* v. *Fries* (1931), 93 Ind. App. 190, 194, 171 N. E. 665.

Appellant is requesting this court to apply the foregoing principles of law to the undisputed facts in this case, and that we decide, as a matter of law, that appellee did do or omitted to do some act or thing which a reasonably careful or prudent person would not have done or would have omitted to do. *Andrews* v. *Palmer* (1926), 85 Ind. App. 354, 154 N. E. 34.

Again turning to the evidence we find various elements, which, when collectively considered, as usual in this class of cases, call for the exercise of human judgment. This case does not seem to furnish an exception. The evidentiary facts before the jury may be epitomized as follows: The distance from the intersecting roads and the opportunity appellant and

appellee had of seeing each other; the speed of the two automobiles; the probability of both reaching the road intersection at the same time; the failure of appellant to give attention or look for traffic on Road 35; the reasonable likelihood that appellant would observe the right of the road; whether appellee had his automobile sufficiently under control in view of the circumstances known to him; the experience of appellee in driving automobiles, especially the car he was driving at the time of the collision; its mechanical condition, including the efficiency of its brakes at the time of the collision; the speed appellee was driving and the distance required by him to stop his automobile.

In the case of *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312, 320, 73 N. E. 163, 74 N. E. 253, it was held, in effect, that ordinarily contributory negligence, when it depends upon many elements and circumstances, the weight of which depends upon their relation to each other, is a question of fact for the jury to determine.

The general use of automobiles has, by actual experience, taught the public the risks and hazards of their use, and in case of a collision, as here, the negligence of the party responsible therefor or the negligence contributing thereto, other than clearly exceptional cases, presents a mixed question of law and fact and within the general rule that the question of negligence or contributory negligence in such cases is for the jury. *Cunnien* v. *Superior, etc., Co.* (1921), 175 Wis. 172, 184 N. W. 767.

We therefore conclude upon the evidence that the question of appellee's contributory negligence was one of fact for the jury under proper instruction by the court.

We have given careful attention to instructions 8, 9, 10 and 11 given by the court on its own motion and

the objections urged by appellant to each of them, as also the reasons assigned why the court erred in refusing to give instruction No. 6 tendered by appellant.

As to the instructions given, it is insisted that they were not within the issues; that they tended to lead the jury away from the issue to be tried, or that they sought to bring into the case irrelevant facts which lead the jury to believe such facts were entitled to consideration in arriving at a verdict. We would agree with appellant if his contentions were well taken. These instructions, except No. 11, are on the subject of contributory negligence, and they plainly admonished the jury of the care imposed upon appellee if he would avoid being guilty of contributory negligence.

By instruction No. 11 the jury was told, in substance, as between the parties to this action, the one reaching the highway intersection first had the right of way. This instruction, as applied to the evidence in this particular case, could not have misled the jury, for, as we read the instruction, it is more favorable to appellant than to appellee.

Whether the four instructions to which complaint is made are considered together or separately they would not mislead the jury as contended for by appellant.

We see no serious objection to the giving of the instruction requested by appellant on the subject of the duty required of a person who foresees the danger of a collision, or a person who, in the exercise of ordinary prudence, could have foreseen the existing danger, and his duty under such circumstances to use reasonable precaution to avoid it. The instruction proceeded upon the theory that appellee could not disregard known danger on the assumption that appellant would take the necessary precautions to avoid it. Instructions Nos. 5, 7 and 8, given by the court, fully and correctly covered the subject intended

by appellant to be placed before the jury by his instruction No. 6. In our judgment none of the contentions of appellant can be sustained.

Judgment affirmed.