**STEVENS v LEPLEY**

Ohio Appeals, 5th Dist, Knox Co

No 352.   Decided Oct 31, 1933

Jay A. McDevitt, Mt. Vernon, for plaintiff in error.

Columbus Ewalt, Mt. Vernon, for defendant in error.

## OPINION

By LEMERT, J.

The question of insurance was first injected into the record by the defendant below, herself, and she did this at the very outset of the trial. Plaintiff below sought to show statements that defendant had made to the effect that she had said: (that she could have stopped but did not, also that she stated that she was not going to lie anything about it; that she did not stop but that she slowed up and did not see anyone coming and that they must have been coming fast to be there when she got there).

The defendant below was called by plaintiff for cross-examination as the first witness, and in an effort to show the above statements by defendant, she, the defendant, injects the matter of insurance into the case. The record discloses that the matter of insurance came unexpectedly from the defendant herself in cross-examination, while an effort was being made to get the other statements hereinbefore indicated. Outside of this reference to the insurance company, the only other time it was mentioned was when witness, William Prudy, referred to it and the court and counsel as well for both sides, did all that was possible to keep any further reference to same out of the case and we believe succeeded in so doing. We therefore find no error in this respect.

On the second claimed ground, Admission of Testimony, we find no error in the record.

On the third ground of error that the Verdict is Excessive, we find from the record that plaintiff below was thrown from her car to the pavement and was bleeding from the ears, and there were bruises on her body, she was unconscious and was taken to the hospital where she did not regain consciousness for three or four days, and she remained in the hospital eighteen days and then she was taken to her home and remained in constant care of a doctor for several weeks, and was unable to do any work for five months. The evidence of three physicians called in on the case, states that she had a fractured skull and the evidence clearly shows that her hearing was permanently injured; that her eyesight was good before the accident and that her sight

has been permanently injured; that she suffered intense agony and was at the time of the trial, ten months later, subject to headaches and great nervousness, as shown by the testimony of Dr. Pumphrey and Dr. Harmer.

We are of the opinion that the jury was fully warranted in arriving at the amount of the verdict and we cannot see under the evidence in the record before us that the verdict is excessive.

Coming now to the charge of the court, we find that the trial court on pages 159 and 160 of the record, used the following language as a part of his charge:

"The right of way referred to by the defendant in her charge of negligence against the driver of the plaintiff's car, has been defined by the statute of Ohio, and means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching in a different direction into its path. Now it is the general law that a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle, to the vehicle approaching from the right, when there is no other provision, therefor, but you will bear in mind that this is not an absolute but a relative right and does not mean the exclusive use thereon, but preferential one but that rule, statute or regulation only comes into play when vehicles are approaching an intersection at a lawful rate of speed and at the same distance from the intersection and under such circumstances as to make it necessary that one yield the right of way to the other to avoid collision. It is not an inflexible or absolute rule, as I have said, but it is a rule of conduct, and the driver must exercise reasonable care at all times. Now the right of way depends to some extent upon the relative position of the cars. If the driver of the car on the left first reaches the intersection, and a reasonably prudent driver would be of the opinion that under all the circumstances of the case he or she could pass in safety ahead of the other car coming from the right, such driver would not be required to wait until said car had passed or none was in sight, to attempt to cross. But upon approaching the intersection and about to cross, each driver would be bound to observe the laws of speed and have his or her car under control and be in the exercise of ordinary care to detect the presence of other automobiles which may be driven on the intersecting highway;

and exercise the care and judgment of a reasonably careful and prudent driver under the requirements of the law and surrounding circumstances. That is, the driver should observe ordinary care. So you must consider the position of these cars as they approached this intersection, note their rate of speed and all other circumstances shown by the evidence and then say whether under all the circumstances of the case, one driver acting as a reasonably prudent person might reasonably expect to cross in safety in advance of the other. You must determine from all the circumstances shown by the evidence who had the right of way. The drivers of the two automobiles owe to each other the reciprocal duty to act reasonably. The care of each driver must be commensurate with the danger of a collision. You will give consideration to the conduct of each driver as shown by the evidence in the light of all the surrounding circumstances. Each driver is entitled to assume that the other will obey the rules of traffic in approaching the crossing, until he or she has knowledge to the contrary, or in the exercise of ordinary care should have."

The above was part of the general charge of the court to the jury, and plaintiff in error makes the claim that there is error therein. We note from the record that no request to charge before argument in this case by either side, no special request to charge after argument, and no exceptions to any particular part of the charge was given.

We also note that at page 163 of the record, at the end of the charge, the court inquired:

Q. Do counsel for plaintiff or defendant suggest any additions or corrections to the charge?

A. None. (by both sides).

A careful examination of the above charge convinces us that the court below put it fairly and squarely up to the jury to say whether the vehicle approaching from the right had forfeited any rights given under the statute.

Counsel for plaintiff in error claim the right of way from plaintiff in error, because she was approaching from the right, and their claim being based upon the provisions of §6310-28A, GC:

"Excepting where otherwise hereinafter provided, the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right."

Sec 6310-28 GC:

"The right of way means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."

Sec 6310-30 GC:

"For the purpose of enforcing the road regulations referred to in this chapter, a main thoroughfare shall be understood to mean all sections of public roads and highways on which street cars or electric cars run and also all main market and inter-county highways within the state."

Sec 6310-32 GC:

"Local authorities shall have the right to designate by ordinance or resolution additional main thorughfares and to designate what vehicle shall have the right-of-way at intersections or main thoroughfares; provided, however, that legible and appropriate signs be erected along the roads and highways, intersecting such main thoroughfares, and that such signs outside of corporate limits of a municipality shall not be nearer than 100 feet from such intersection."

We have in the instant case an intercounty highway, running from Mt. Vernon to Coshocton, hard surface, with an immense amount of traffic, and on this road we have east of the intersecting road a school sign marked—SLOW—;on both sides of road 95, on the gravel road, running from Martinsburg to Danville, we have it plainly marked—STOP THROUGH TRAFFIC—.

Plaintiff in error admits in cross-examination that she saw these signs on both sides of road No. 95. A careful reading of the charge of the court below as objected to, and taking the charge as a whole, we believe the trial court in the instant case gave the law to the jury as laid down in §§6310-28 and 6310-28A, GC as clearly and explicitly as it was humanly possible to give it.

We are of the opinion that where a vehicle approaching from the right is not proceeding in a lawful manner, then the preferential rights of the driver of said vehicle are gone and it is for the jury to say whether or not the right is forfeited and not for the trial court to answer this for the jury.

We wish to emphasize the importance of the four exhibits in the instant case which show the right side of the Ford was mashed in and all witnesses agree that it was the front end of the car coming from the north that was damaged, and the right side of the one coming from the east. This is incontrovertible as the photographs of the damaged Ford car bear silent testimony as to which car reached the intersection first. The front end of the Ford car was not injured at all.

We therefore find there is no error in the charge of the court. We find no error in the record and the finding and judgment of the court below will be and the same is hereby affirmed.

SHERICK, PJ, and MONTGOMERY, J, concur.