KRANING *v.* BLOXSON, ADMINISTRATRIX

[No. 15,270. Filed January 19, 1937. Rehearing denied June 16, 1937. Transfer denied September 23, 1937.]

*Arthur Metzler,* and *Russell J. Wildman,* for appellant.

*Hugh Lawrence,* and *Charles C. Campbell,* for appellee. ·

WOOD, C. J.—The appellee recovered judgment against the appellant for damages sustained because of the death of one Homer Bloxson as the result of an automobile collision, alleged to have occurred by reason of the negligent operation of an automobile by the appellant on Manchester Avenue in the closely built up residential portion of the city of Wabash, Indiana.

The issues consist of a complaint in one paragraph and an answer in general denial. The cause was tried to a jury, which returned a verdict in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and he appeals, assigning this action of the court as the only error for reversal.

The only causes for a new trial not waived and discussed by appellant in his brief are 2, 3, 4, 6, 7, 8, 9, 10, and 11.

Cause No. 2 for a new trial questions the sufficiency

of the evidence to sustain the verdict of the jury, while in cause No. 4 for a new trial, appellant complains of the action of the trial court in its refusal to give to the jury instruction No. 1 tendered by him which was peremptory in character, instructing the jury to return a verdict for appellant. Since these two causes present substantially the same question, we will consider them together.

There was evidence before the jury from which it could find the following facts. A street known as Manchester Avenue runs north and south within the corporate limits of the city of Wabash, Indiana; it is thirty feet wide from curb to curb; has an interurban street car track running along the center thereof, and state highways Nos. 13, 15, and 24 are routed over it; at the location where the collision giving rise to this litigation occurred, an east and west street thirty feet wide known as Superior Street connects with Manchester Avenue on the west side thereof; it does not pass across but ends at the west curb line of Manchester Avenue. There is a street light located at the intersection of these two streets and it was burning at the time in question. At about ten thirty o'clock p. m. October 27, 1929, appellee's decedent, Homer Bloxson, was driving north on the east side of Manchester Avenue, at a distance of about two feet from the east curb in a Model T Ford automobile at a speed of about twenty miles per hour. He lived on Prospect Street west of its intersection with Manchester Avenue. As he approached said intersection from the south, he changed the gear of his automobile and slowed its speed down to from two to three miles per hour. When Bloxson had crossed over the center line of Prospect Street extended, he turned his automobile to the left apparently with the intention of driving west on Prospect Street. The headlights of his automobile were on at this time and were

visible as Bloxson approached the street intersection from the south. On the same evening and at the same time, the appellant was driving south on the west side of Manchester Avenue in a Model A Ford Roadster, approaching the same street intersection. Thelma Taggart was riding in appellant's automobile as his guest. Appellant was suffering from arthritis in his left arm and during all the time in question had this arm resting in a sling placed around his neck. As appellant approached the corporate limits of the city of Wabash, Thelma Taggart asked him how fast he was driving, and appellant replied that he was going about sixty miles per hour, whereupon she requested him to slacken the speed of his automobile, but appellant did not do so at any time, and after entering the corporate limits of the city of Wabash, continued to drive at that rate of speed. The headlights of appellant's automobile were on and were visible at the intersection of Manchester Avenue and Prospect Street where Bloxson turned his automobile to the left to cross Manchester Avenue and drive west on Prospect Street. At the time Bloxson made the turn the appellant was 250 feet north of the intersection of the two streets in close proximity to a church on the west side of the street from which the congregation was at the time departing. Appellant was then driving his automobile south on the west side of the street at a speed of from sixty to sixty-three miles per hour. He did not slacken the speed or change the course of his automobile as he approached the street intersection, though appellant saw the headlights on Bloxson's automobile as he made the turn into Prospect Street. After making the turn to the left, Bloxson continued to drive his automobile to the west across Manchester Avenue at a speed of from two to three miles per hour. When the front wheels of Bloxson's automobile were about to the west curb line of Manchester Avenue,

the right front corner of appellant's automobile hit the right rear corner of Bloxson's automobile. As a result of this impact Bloxson's automobile was thrown in a southerly direction across Prospect Street and came to a rest on its right side headed south on the curb lawn at the southwest corner of the street intersection, a distance of from twenty-five to thirty feet from the place of impact. Bloxson's body was thrown through the top of his automobile and came to a rest in Manchester Avenue about twelve or fifteen feet east of his automobile. He received injuries resulting in his death a short time thereafter. Appellant's automobile turned sideways and in that position skidded south on Manchester Avenue a distance of ninety-two feet from the place of impact, and when it stopped was headed west, the front wheels being over the west curb line of Manchester Avenue, and the automobile was resting against a telephone pole. Manchester Avenue passes through a closely built up residential part of the city in each direction from the scene of the collision. The appellant said on the evening of the accident that he saw the lights on Bloxson's automobile, but that he would admit he was driving sixty miles an hour and could not stop his automobile.

It is the appellant's contention that the facts disclosed by the evidence as above summarized were not sufficient to sustain the verdict of the jury; that they show that appellee's decedent was guilty of contributory negligence as a matter of law, and that it was error to refuse to give appellant's peremptory instruction No. 1, directing the jury to return a verdict for appellant. This contention is without merit. The question of negligence on the part of the decedent contributing to his injury and death was properly submitted to the jury on the evidence before it. The jury by its

verdict found against the appellant on the issue, and it is amply sustained by the evidence.

Appellant complains of each of instructions Nos. 9, 14, 15, 17, and 19 tendered by and given to the jury at the request of appellee. Each one of these instructions related to and advised the jury of different phases of the respective rights and conduct of automobilists when approaching and about to pass at the intersection of two public highways. While the courts have announced general rules which would control in most instances and the legislature of our state has enacted statutes for the guidance of automobilists in the operation of motor vehicles on the public highways, neither these rules nor the statutes are unyielding under any and all circumstances, but they must be applied in each instance in the light of the facts and circumstances involved in the particular case under investigation. In other words the driver of an automobile on a public highway should exercise reasonable care in its operation, and not assume that, because the rules as announced by the courts or statutes enacted by the legislature give him certain rights and preference, he can avail himself thereof with apparent indifference to the safety and rights of other persons using the public highways. The decisions of the courts sustain these observations, thus, one who is lawfully using a public highway in the absence of knowledge to the contrary, has the right to assume that others using it in common with him will use ordinary care to avoid injuring him, and in the absence of regulations to the contrary, it is the general rule that the one who reaches the street intersection first has the right of way, and in determining whether he can safely avail himself of the right to cross over the street intersection, he is not bound to anticipate a sudden violation of the statute or rule of the road by other persons using the highways, which would

involve a danger to him not then apparent. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234; *Mayer* v. *Mellette* (1917), 65 Ind. App. 54, 114 N. E. 241; *Cole etc., Co.* v. *Ludorff* (1915), 61 Ind. App. 119, 111 N. E. 447. The mere fact that one vehicle has the right of way over another vehicle at a street intersection does not relieve the driver of the vehicle thus favored from the duty to exercise reasonable care to avoid collision at such intersection. *Wolf* v. *Vehling* (1922), 79 Ind. App. 225, 136 N. E. 844. While Sec. 47-549 Burns 1933, §11182 Baldwin's 1934, provides that the motor vehicle approaching an intersecting highway shall give the right of way to another motor vehicle approaching an intersecting highway from the right and shall have the right of way over those vehicles approaching along an intersecting highway from the left, "This does not mean one approaching an intersecting highway from the left must on all occasions stop until vehicles in sight coming upon his right have passed without regard to the distance such vehicles may be from him when he sees them. He has the right to take into consideration the distance of the other vehicle from the intersection, and the speed at which it is traveling, and may presume that the driver of the other vehicle will observe the law as well as himself." *Burdette* v. *Hensen* (1924), 96 W. Va. 31, 35, 122 S. E. 356, 37 A. L. R. 489. (note. *Neuman* v. *Apter* (1921), 95 Conn. 695, 112 Atl. 350, 21 A. L. R. 970. It has also been stated as a rule of law applicable to the operation of motor vehicles when approaching and about to pass at highway intersections, "that where a motor vehicle approaching from the right is not proceeding in a lawful manner, the preferential rights of the driver of said vehicle are gone; and in such event it is for the jury to say whether or not the right is forfeited, and not for the trial court to answer this for the jury." *Stevens* v. *Lipley* (1903), 46 Ohio App.

445, 451, 189 N. E. 260. In further support of the above rules governing the operation of motor vehicles at highway intersections we cite the following: *Gains* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; *Paulsen* v. *Klinge* (1918), 92 N. J. L. 99, 104 Atl. 95; *Tharp* v. *Meyers* (1926), 114 Nebr. 689, 209 N. W. 238, 47 A. L. R. 585; 1 Berry Automobiles (6th Ed) Sections 218, 219, 225.

These instructions are in substantial accord with the principles of law above summarized and correctly advised the jury as to the law on this phase of the case.

Appellant complains of other instructions given to the jury at the request of appellee. We have carefully examined these instructions. They contain correct statements of principles of law for the guidance of the jury in its deliberations in the instant case and when considered in their entirety and in connection with the other instructions given to the jury were not erroneous. "The verbal niceties and fine distinctions which analytical minds are capable of making in the use of words are not to be invoked to hamper trial courts, and to work reversals in this court, when it is plain that a man of ordinary understanding would not be misled." *Mishler* v. *Chicago etc., Co.* (1918), 188 Ind. 189, 195, 122 N. E. 657.

Appellant complains of the action of the trial court in permitting counsel for the appellee to inquire of prospective jurors on their *voir dire,* whether they or members of their family owned an automobile and if it was insured in a certain insurance company; insisting that this was an abuse of discretion by the court. Our courts have decided this question adversely to appellant's contention. *O'Connor* v. *Gillaspy* (1907), 170 Ind. 428, 83 N. E. 738; *Inland etc., Co.* v. *Gillespie* (1913), 181 Ind. 633, 104 N. E. 76; *Goff* v. *Kokomo Brass Works* (1908), 43 Ind. App. 642, 88 N.

E. 312; *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 197 N. E. 731.

It is apparent from the record that the merits of this cause were fairly tried and determined in the lower court, and the judgment is affirmed.

## ON PETITION FOR REHEARING.

WOOD, C. J.—The appellant has filed a petition for a rehearing of this cause in which he renews his contention with much force and ingenuity, that the trial court committed reversible error in giving to the jury instructions Nos. 8, 9, 14, 15, 17, and 19 tendered by the appellee, and in refusing to give to the jury instruction No. 1, tendered by the appellant.

We have again carefully examined the record. It shows that the appellant tendered twenty-eight instructions of which all but Nos. 1 and 2 were given to the jury; that the appellee tendered twenty-two instructions of which all but Nos. 1 and 21 were given to the jury, and the court of its own motion gave eight instructions to the jury.

Appellee's instruction No. 8 of which appellant complains and which we did not discuss in detail in the original opinion informed the jury that if, because of the negligence of the appellant, appellee's decedent was suddenly and unexpectedly placed in a position of great danger, this would be a proper circumstance for it to consider in respect to the decedent's conduct, that the law does not expect the same coolness and circumspection from a person under such circumstances as in those instances where he has time and opportunity to think and deliberate as to the best means to avoid the impending accident, and that if the jury found that the decedent was thus placed in such apparent danger, by the negligence of the appel-

lant, and acted as an ordinarily prudent person would do in the same situation, then it would not be warranted in finding the decedent guilty of negligence, though he would not have received the injuries if he had not so acted. The appellant insists that this instruction directs the jury to find against him on the question of contributory negligence, even though the decedent was guilty of negligence in placing himself in a position of peril in the first instance, that the reason for the rule does not apply under such a state of facts, and that the instruction is mandatory. While the language in which this instruction is couched is inept, it is not subject to the criticism directed against it by appellant. Whether or not the decedent was guilty of negligence in placing himself in the perilous position in the first instance (if he in fact did so) and whether or not after finding himself in a perilious position (if he in fact was in such position) he acted as a reasonable and prudent person would do under similar circumstances, were facts to be submitted to the jury for its determination. The instruction was not mandatory, nor do we think it invaded the province of the jury and when considered together with the other instructions given to the jury, the giving of this instruction was not reversible error. *McIntyre* v. *Orner* (1906), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (n. s.) 1130; *Cleveland etc., Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985; *Stoy* v. *Louisville etc., Co.* (1903), 160 Ind. 144, 66 N. E. 615. But appellant cannot consistently complain of appellee's instruction No. 8, for on request of appellant, the court gave to the jury his instruction No. 25, which instruction informed the jury that the same rule of law announced in appellee's instruction No. 8 likewise applied to appellant.

Appellant has seen fit to segregate from the balance of the language contained in our original opinion and to criticize this statement to wit: In the absence of any

regulation to the contrary, the general rule of law for the guidance of automobilists at street intersections is that the one reaching the street intersection first has the right of way.

Appellant admits that this is a correct statement of the law as it existed prior to the enactment of Sec. 47-549 Burns 1933, Sec. 11182 Baldwin's Ind. St. 1934, but in effect says that we have ignored that section of the motor vehicle law as construed by this court in the cases of *Blasengym* v. *General, etc., Co.* (1929), 89 Ind. App. 524, 165 N. E. 262 (Transfer to Supreme Court denied July 3, 1929), and *Dinnen* v. *Fries* (1931), 93 Ind. App. 190, 171 N. E. 665, (Transfer to Supreme Court denied October 13, 1931).

Taken in connection with the balance of the language contained in the original opinion, the above quoted excerpt does not overrule or modify the law as announced in the two cases last above cited, which we approve and adhere to, but it is in full accord and harmony therewith.

Appellee's instructions Nos. 9, 14, 15, 17, and 19, of which appellant complains, did not violate any of the principles of law contained in the Blasengym and Dinnen cases, *supra,* but were in full accord with them.

The record before us shows that the merits of this cause were fairly tried and determined in the lower court. Under such circumstances, errors in giving or refusing to give instructions, conceding that there were such, are harmless. *Pittsburgh, etc., Co.* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337, (Transfer to Supreme Court denied November 13, 1929), and authorities there cited. Sec. 2-3231 Burns 1933, Sec. 505 Baldwin's Ind. St. 1934.

Rehearing denied.