BEEM *v.* STEEL.

[No. 20,552. Filed March 14, 1967. No Petition for Rehearing Filed.]

*Ronald St. Martin,* of Knox, for appellant.

*Newby, Lewis & Kaminski* and *Leon R. Kaminski,* both of LaPorte, and *Stevens & Wampler* and *Lloyd Wampler,* both of Plymouth, all for appellee.

FAULCONER, J.—Appellant brought suit against appellee for injuries which she sustained in a collision between a pickup truck, in which appellant was a guest passenger, and a lumber truck being operated by appellee. The collision occurred in the

intersection of State Road 23 and old U. S. Highway 30 in Starke County, Indiana. Appellant alleged in her amended complaint that her injuries were proximately caused by the following acts of negligence of defendant-appellee:

1. That the defendant failed to keep a proper lookout for traffic signals, signs and the vehicle in which the plaintiff was a passenger.

2. That the defendant drove and operated his truck at a high and unreasonable rate of speed under the surrounding circumstances.

3. That the defendant failed to yield the right-of-way to a vehicle which had stopped and then finding no other vehicle so close to the intersection so as to create an immediate hazard, proceeded in to a through highway intersection.

4. That the defendant did not proceed through the intersection and past the yellow flashing signal at said intersection with caution.

To appellant's amended complaint appellee filed his answer in general denial.

The cause was then venued from the Starke Circuit Court to the Marshall Circuit Court, and trial was by jury.

At the close of plaintiff-appellant's evidence the defendant-appellee asked the court to instruct the jury to return a verdict in his favor. This request was granted, and the jury returned a verdict for defendant pursuant to such instruction. Judgment was entered on the verdict by a *nunc pro tunc* entry.

Appellant appeals from the judgment rendered on the verdict assigning as error the overruling of the motion for new trial. Such motion contains four specifications of error, which are as follows:

1. The court erred in sustaining the defendant's motion made at the close of plaintiff's case to instruct the jury to return a verdict for the defendant.

2. The court erred in directing the jury to return a verdict for the defendant.

3. The court erred in giving to the jury, over the plaintiff's objections, an unnumbered oral instruction given by the court.

4. The verdict of the jury was contrary to law.

There appears to be no attempt to impute any alleged negligence of the driver of the pickup truck to the plaintiff-appellant, his passenger. No argument is made to that effect, nor to the effect that plaintiff-appellant, herself, was negligent.

The contributory negligence of the driver of the pickup truck may not be imputed to plaintiff-passenger where such occupant exercises no control over the driver, or where the driver and passenger are not shown to be engaged in a joint or common interprise. *Union Traction Co.* v. *Haworth* (1918), 187 Ind. 451, 458, 115 N. E. 753; 21 I.L.E., *Negligence,* § 114, p. 363.

In reviewing the directing of a verdict for the defendant at the close of plaintiff's evidence, this court, on appeal, will not weigh the evidence but will look only to the evidence and legitimate inferences most favorable to the plaintiff. *Stover* v. *Fechtman* (1966), 139 Ind. App. 166, 222 N. E. 2d 281, 282.

"This court has held in many cases that a peremptory instruction for a defendant will be upheld only if one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom. *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 505, 186 N. E. 2d 432, 1 Ind. Dec. 21, 23 (Trans. denied) ; *Phares* v. *Carr* (1952), 122 Ind. App. 597, 600, 106 N. E. 2d 242 (Trans. denied) ; 2 F. W. & H., Ind. Tr. & App. Pract. (1963 P.P.), § 1661, p. 96.

" 'It is a familar rule that in considering the appropriateness of a directed verdict, the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw, * * *.' *Vann* v. *Vernon General Ins. Co.* (1956), 126 Ind. App. 503, 507, 133 N. E. 2d 70, 134 N. E.

2d 235; *Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 639, 38 N. E. 2d 257. (Trans. denied) ; 2 F. W. & H., Ind. Tr. & App. Pract (1963 P.P.), § 1661, Comment 2, p. 97." *Boswell* v. *Washington* (1966), 140 Ind. App. 273, 221 N. E. 2d 184, 9 Ind. Dec. 346, 347 (Transfer denied.)

Therefore, we must decide if there was any evidence or legitimate inference which might be drawn therefrom, on any of the allegations of negligence. If there was, then the issue of defendant's negligence was a question for the determination of the jury under proper instructions.

The duty of operators of motor vehicles approaching an intersection controlled by flashing red signals for the one, and flashing yellow signals for the other, is set forth in Acts 1939, ch. 48, § 36, p. 289, § 47-1907, Burns' 1965 Repl., as follows:

"Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:

"1. Flashing red (stop signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or before crossing a limit line when marked, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution."

This court in *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, at pages 618-20, 13 N. E. 2d 336 (Transfer denied), clearly stated the general principles relating to the duty of the driver of a motor vehicle on a preferential highway, as follows:

"The courts have announced general rules which control in many instances and our legislature has enacted statutes for the guidance of automobilists in the operation of motor vehicles on public highways in this state, but neither these

rules nor the statutes are unyielding under any and all circumstances; they must be applied in each instance in the light of the facts and circumstances involved in the particular case under investigation. That is to say, the driver of an automobile upon a public highway in this state should exercise reasonable care in its operation, and not assume that because the rules as announced by the court or statutes enacted by the legislature give him certain rights and preference, he can avail himself thereof with apparent indifference to the safety and rights of other persons using the public highways. The mere fact that one vehicle has the right of way over another vehicle at a street or road intersection does not relieve the driver of the vehicle thus favored from the duty to exercise reasonable care to avoid collision at such intersection. The duty does not rest alone upon the driver on the non-preferential street. *Kraning* v. *Bloxon* (1937), 103 Ind. App. 660, 5 N. E. (2d) 649, 9 N. E. (2d) 107 (transfer denied Sept. 23, 1937) ; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; *Wolf* v. *Vehling* (1922), 79 Ind. App. 221, 137 N. E. 713; *Dennen* v. *Fries* (1931), 93 Ind. App. 109, [190,] 153 N. E. 779 [171 N. E. 665] (transfer denied October 13, 1931).

\* \* \* \* \*

"Again in *Keltner* v. *Patton, supra* [ (1932), 204 Ind. 550, 185 N. E. 270], the Supreme Court said (p. 558) : 'The general use of automobiles has, by actual experience, taught the public the risks and hazards of their use, and in case of a collision, as here, the negligence of the party responsible therefor or the negligence contributing thereto, other than clearly exceptional cases, presents a mixed question of law and fact and within the general rule that the question of negligence or contributory negligence in such cases is for the jury.' " See also: 3 I.L.E., *Automobiles,* § 83, p. 437; Annot., 2 A.L.R. 3d 275 (1965).

The appellant testified that the pickup truck in which she was a passenger came to a stop prior to entering the intersection. That she looked to the east and west and saw nothing coming on U.S. Highway 30. That the first time appellant saw the lumber truck of Mr. Steel, appellee herein, was when the pickup truck in which she was a passenger was half-way across the intersection. There was evidence that U. S. Highway 30 west of the intersection curved and inclined and that

there was a building on the northwest corner of the intersection.

We are of the opinion that there was evidence, or legitimate inferences that may be drawn therefrom, on one or more of the allegations of negligence. Appellee was charged by appellant, *inter alia*, with failure to proceed into the intersection with caution, with driving at a speed greater than that which was reasonable under the circumstances, and with failure to keep a lookout. There was evidence that appellee's Truck was going between 25-40 miles per hour; that appellant's (and her driver's) view was partially blocked by a building and the "rise" or "hill" to the west; and that there were no skidmarks prior to the impact; and that there were dual wheel marks from the lumber truck from the point of impact to approximately where appellee's truck stopped, some 200-300 feet down the road. All of these were legitimate facts and circumstances to be considered by the jury in determining whether or not, under the circumstances of this collision, appellee violated the duty imposed upon the operator of a motor vehicle on a preferential highway and such determination could not, therefore, be made by the trial court as a matter of law.

It was, of course, not incumbent upon appellant to prove more than one of her allegations of neglience nor that such proof be made by direct evidence.

Therefore, in our opinion, under the evidence introduced and the circumstances of this case, the issue of appellee's negligence was a question of fact for the jury.

The judgment of the trial court is reversed with instructions to grant appellant's motion for a new trial.

Reversed with instructions.

Cooper, C. J., Carson and Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 61.