PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. SMITH.

[No. 23,626.    Filed June 21, 1921.]

1. MASTER AND SERVANT.—*Injuries to Servant.*—*Evidence.*— *Sufficency.*—In a servant's action against a railroad company for personal injuries, testimony by plaintiff that the engine which caused his injury, and which was being run on defendant's tracks, was defendant's engine and operated by its engineer, with evidence offered by defendant that it was a corporation formed by the consolidation of other corporations before the date of plaintiff's injury, *held* sufficient to sustain a verdict finding that defendant, and not one of the companies from which it was formed, was operating the engine at the time of the injury, notwithstanding other evidence introduced by defendant that the consolidation did not become effective until after the accident.   p. 658.

2. DAMAGES.—*Excessive Damages.*—*Personal Injuries.*—A verdict awarding $10,000 damages for permanent and incapacitating injuries *held* not excessive, where plaintiff was switchman fifty-one years of age, earning $74 a month from the railroad and $30 to $35 a month for his services as secretary of his brotherhood, though he had previously suffered the loss of an arm.   p. 660.

3. TRIAL.—*Instructions.*—*Invading Province of Jury.*—*Negligence.*—In a servant's action against a railroad company for injuries sustained when he was struck by an engine, an instruction informing the jury that, if they found that defendant's employe did the acts complained of by the plaintiff, and if they further found that such acts were a failure to exercise reasonable care, and that such negligence, if found to be such, was the proximate cause of plaintiff's injuries, they might find for the plaintiff, is not erroneous, as invading the province of the jury by assuming that the acts of defendant's employe were negligence.   p. 660.

From Morgan Circuit Court; *Fred R. Owens*, Special Judge.

Action by Albert R. Smith against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.
*Beckett & Beckett,* for appellee.

EWBANK, J.—This was an action by the appellee against the appellant for damages by reason of personal injuries sustained when the appellee was struck by a locomotive engine while he was working for the appellant as a switch tender. The appellee alleged and the parties stipulated that both were engaged in interstate commerce at the time of the injury.

The substance of the other allegations of the first paragraph of the complaint were that the appellant was engaged in operating a double-track railroad in the city of Indianapolis on which east-bound trains ordinarily ran on the south track and west-bound trains on the north track; that appellee was a switchman, charged with the duty of turning certain switches and giving certain signals on that railroad, and that the employes of appellant were bound to obey his signals in operating locomotive engines; that certain of appellant's servants in charge of one of its locomotive engines ran the engine west on said north track, to pass into and through a switch, at the same time that a hand car was approaching the switch from the other direction; that appellee stepped upon the north track to notify and prevent the hand car from running into the switch, so that the locomotive engine might pass into and through it, and that the rules of the appellant company required those operating such engine to observe and obey the signals given by the appellee, and to await his signal to run the engine up to the switch; but that in violation of the rules and regulations of the appellant its said servants operating the locomotive engine ran it toward the switch and past the place where it was required to await the signal, and

negligently ran it against the appellee and injured him; and that the locomotive engine was so run and operated without ringing the bell, in violation of a certain city ordinance in force at that place, commanding every person engaged in running any locomotive to ring the bell attached to such locomotive whenever the same should be moving in or through the city, and that such failure to ring the bell deceived and misled appellee concerning the approach of the locomotive engine, and thereby caused the injury. Appellee's injuries were described, and alleged to be permanent, and damages in the sum of $15,000 was demanded. The appellant answered the complaint by a denial, and by averments that the parties were subject to the federal Employers' Liability Act (§8657 *et seq.* U. S. Comp. Stat. 1918, 35 Stat. at L. 65) and that the alleged injuries "resulted from the risks of his employment which he assumed, and that the violation by the appellant of any United States statute enacted for the safety of the employes did not contribute to the appellee's said injury." The issues thus joined were submitted to a jury, which returned a verdict in favor of the appellee for $10,000. A motion for a new trial, filed by the appellant, was overruled, and appellant excepted, and duly perfected a term appeal.

The only error assigned is the overruling of appellant's motion for a new trial, under which appellant relies upon the specifications that (a) the verdict is not sustained by sufficient evidence, that (b) the damages are excessive, and that (c) the trial court erred in giving instruction No. 7 requested by the appellee. Under the first specification counsel insist the evidence proves that the engine which struck the appellee was being operated by the Vandalia Railroad Company. It was shown without contradiction that the injury occurred on appellant's tracks. The testimony

of the appellee, as recited on pages 53 and 73 of appellant's brief, was that "the engine that struck me was an engine of this defendant, operated at the time by engineer Joseph P. Gill, who was an employe of this defendant." And appellant offered evidence that the defendant corporation (appellant) was formed by the consolidation of the Vandalia Railroad Company and certain other railroad companies, dated September 28, 1916, which was five weeks before the date (November 3, 1916) of appellee's injury, and that it was finally ratified by the directors and stockholders of each constituent corporation before October 28, 1916.

It is true, as counsel state, that the appellant also introduced evidence to the effect that such consolidation was to become "effective January 1, 1917," and that other evidence, elicited on the cross-examination of appellee and his witnesses, and otherwise introduced by the appellant, tended to prove that appellant was not operating the locomotive engine which caused the injury. But the foregoing evidence was amply sufficient, if it stood alone, to support an inference that appellant was operating it. And this court does not weigh conflicting evidence in cases of the kind now under consideration. We are not to be understood as deciding that the appellant, a corporation formed by the consolidation of certain other corporations, could not be made liable for injuries inflicted by one of the constituent corporations before the consolidation, under the issues joined in this action; neither do we decide that it could be held liable under those issues. We merely decide nothing on that question, but do decide that there was evidence from which the jury might infer that the appellant, itself, was operating the locomotive engine at the time of the injury.

There was evidence that the appellee had lost an arm

twenty-four years before, but that he was earning in wages $74 per month as a switch tender at the time of the injury sued for, and had worked as a switch tender at that place almost ten years; that at the time of the injury sued for, and for four years or more prior thereto, the appellee had been secretary of his lodge of the Brotherhood of Railroad Trainmen, the duties of which were clerical, for which he received five cents per month for each member, and was then receiving $32 to $35 per month from the brotherhood; that he was elected to that office annually, and had been reelected up to the time of the trial—December 20, 1918—and his term would end the first of the next month, and that he had continued to receive compensation of from $32 to $39 per month as secretary. But there was evidence that he could not stoop, and could not lift anything, because of the injury sued for, and was unable to do any work but a little writing; that he had tried to get jobs which did not require physical labor, but had received only $26 for such work in two years; that he tried to do some gardening for himself, but could not; and that the condition of his back would probably not improve. He was fifty-one years old at the time of the injury, and his life expectancy was 20.39 years.

So far as is made to appear, the verdict may have expressed the honest judgment of the jurors based on that portion of the evidence which they believed, and we cannot say that the award of damages is excessive. *Illinois Central R. Co.* v. *Cheek* (1899), 152 Ind. 663, 678, 53 N. E. 641.

The seventh instruction given at the request of appellee, of which the appellant complains, was as follows:

"7.    If you shall find that the plaintiff, on the said 3rd day of November, 1916, was employed by the defendant as a switch tender, in its said railroad switching yards in the city of Indianapolis,

Marion county, Indiana, and if you further find that his duties under said employment required him to open and close switches and signal trains; and if you further find that he was so engaged on said 3rd day of November, 1916, and while so engaged was injured by reason of the failure of the defendant to observe the signals of the plaintiff, which its said employes at the time were bound to observe and obey as alleged in the complaint; and if you further find that the failure to obey said signals and to hold said engine at the tower was in violation of the rules and customs of the defendant at said place, and *was a failure on the part of defendant's said employe at the time to exercise reasonable care* in so running and operating its engines; and *if you further find that said negligence, if you find the same to be negligence,* was the proximate cause of plaintiff's injuries, and that the plaintiff did not assume the risks of said negligence, then you will find the defendant liable and your verdict should be for the plaintiff." (Our italics.)

The objection to this instruction urged by the appellant is that it invades the province of the jury by assuming and by telling them, counsel say, that the failure of defendant's employes in charge of the engine which struck appellee to observe and obey certain signals, and to hold the engine at the tower, in accordance with the rules and customs of appellant, were acts of negligence. And appellant cites authorities holding that the question whether those acts and omissions constituted negligence was for the jury to determine upon a consideration of all the evidence. *American Hominy Co.* v. *LaForge* (1916), 184 Ind. 600, 603, 11 N. E. 8; *McBeth-Evans Glass Co.* v. *Brunson* (1919), 70 Ind. App. 513, 122 N. E. 439, 443. But the instructions held to be erroneous in the cases cited informed the jury that in order to recover the plaintiff must prove that the defendant did or omitted to do certain things, as

charged in the complaint, without submitting to the jury for decision the question whether it thereby exercised or failed to exercise ordinary care under the circumstances shown by the evidence. While the instruction under consideration in the case at bar expressly left to the jury the question whether the alleged acts and omissions of the employe of appellant in charge of its engine, as set out, constituted "a failure on the part of defendant's said employe to exercise reasonable care," and told the jury to find a verdict for the plaintiff only "if you further find the same to be negligence." It is not open to the objection urged against it, and is not incorrect as applied to the evidence in this case, and to the federal statute under which the case was tried, and the verdict returned.

The judgment is affirmed.