## WOLF *v.* VEHLING.

[No. 11,418. Filed January 24, 1923.]

1. MUNICIPAL CORPORATIONS.— *Use of Streets.— Preferential Traffic Ordinance.—Care Required of Travelers at Street Intersections.*—A municipal ordinance giving traffic on north and south streets the right of way over traffic on east and west streets does not relieve a traveler on a north and south street from the duty to exercise due care in approaching and crossing a street intersection, nor require a traveler on an east and west street to exercise any greater degree of care than what would, under the circumstances, amount to ordinary care in crossing a street intersection, though the ordinance may affect the *quantum* of care to be exercised by each, so that the *quantum* of care required by a north and south traveler might not amount to ordinary care on the part of an east and west traveler. p. 223.

2. TRIAL.—*Instructions.—Contributory Negligence.*—In an action for personal injuries sustained in a collision at a street intersection, an instruction that, even though defendant had the right of way under a preferential traffic ordinance, he was not relieved from liability if he was guilty of the negligence alleged, *held* not objectionable as taking from the jury the question of contributory negligence, especially where other instructions clearly and. fully stated that there could be no recovery if plaintiff was guilty of any negligence proximately contributing to his injury. p. 223.

3. TRIAL.—*Refusal of Instructions.—Applicability.*—An instruction, though correct as an abstract proposition of law, may properly be refused, where it is predicated on facts of which there is no evidence. p. 225.

4. MUNICIPAL CORPORATIONS.—*Use of Streets.—Care Required of the Driver of a Team and His Guest.*—The driver of a team and one riding with him as a guest are each required to exercise ordinary care to avoid injury to themselves. p. 225.

5. NEGLIGENCE.—*Imputing Driver's Negligence to One Riding as a Guest.*—The negligence of a driver is not to be imputed to one riding as a guest, and who was injured in a collision with another vehicle. p. 225.

From Marion Superior Court (A11,649) ; *W. W. Thornton,* Judge.

Action by William H. Vehling against John B. Wolf.

From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*White, Wright & McKay,* for appellant.
*H. N. Spaan* and *Ralph M. Spaan,* for appellee.

MCMAHAN, J.—Action by appellee to recover for personal injuries sustained in a collision between an automobile driven by appellant and a wagon in which appellee was riding as an invited guest. The collision took place at the crossing of Seventeenth and Alabama streets in the city of Indianapolis. Appellant was going south on Alabama and appellee east on Seventeenth at the time of the collision. The only error assigned is that the court erred in overruling appellant's motion for a new trial, for the reasons that the verdict of the jury: (1) is not sustained by sufficient evidence; and (2) is contrary to law.

In support of the contention that the verdict is not sustained by sufficient evidence, appellant states five abstract propositions of law, all of which are probably correct, but there is no attempt to apply them to the evidence or to show why the verdict is not sustained by the evidence. No reference is made to the evidence nor has any attempt been made to show a failure to prove any element necessary to a recovery.

But, waiving the question as to whether any question is presented for our consideration, we have carefully considered the evidence and find it ample to sustain the verdict.

In support of the contention that the verdict is contrary to law, appellant insists: (1) that instruction No. 12 given to the jury is contrary to law, inasmuch as it does away with the authority given cities by §8655, cl. 31, Burns 1914 (Acts 1905 p. 219, §53), to declare preferential traffic and that it eliminates and takes from the jury the question of contributory negligence on the part

of appellee; and (2) that the court erred in refusing to give instruction No. 21 which would have told the jury that, "Where one rides as a guest in a wagon on a dark night without lights over a highway with which the driver is no more familiar than the guest, with full knowledge of the facts, he is obliged to exercise the same degree of care to avoid accidents as is the driver."

Assuming without deciding that the questions relating to the action of the court in giving and in refusing to give said instructions are properly presented, since appellee has not raised the question, we proceed to a consideration of the questions thus presented.

The evidence shows that at the time when appellee was injured there was an ordinance in effect in the city of Indianapolis, which provides that: "Traffic on north and south streets shall have the right of way over traffic on all east and west streets, except Washington street." The court in instruction No. 12, after calling attention to this ordinance, said: "but this ordinance must be harmonized with the rule that the traveler first reaching the curb line of the street he is intending to cross has the right of way notwithstanding such ordinance. And even though the defendant may have had the right of way, yet that fact will not relieve him from liability if he was guilty of the negligence alleged in either one or both of the paragraphs of the complaint. You are to consider such ordinance, along with other facts you may find are proven by a preponderance of the evidence, in determining whether or not the defendant was guilty of the negligence charged against him in the complaint."

While appellant was going south on Alabama street at the time of the accident he does not claim that he reached Seventeenth street before appellee reached Alabama street going east, so as to give him preference in the matter of crossing. His first contention is that

appellee was guilty of contributory negligence in crossing or in attempting to cross Alabama street without waiting until after appellant had passed the crossing. His contention seems to be that the ordinance in question gave him the absolute right to priority of passage over a traveler who desired to cross Alabama street without any reference to the distance he may have been north of Seventeenth street when appellee reached the crossing. That being a traveler on a north and south street, he, as such, was relieved from any duty or obligation to be on a lookout for travelers on east and west streets who might be desirous of crossing the street in front of him and that duty to look out for and avoid collision at street crossings rested alone on travelers on the east and west streets.

The ordinance in question does not relieve a traveler on a north and south street from the duty to exercise ordinary care in approaching and crossing an east and west street, nor does it require a traveler on an east and west street to exercise any greater degree of care than what would under the circumstances amount to ordinary care in approaching and crossing a north and south street. The ordinance may, however, affect the *quantum* of care to be exercised by travelers in approaching and crossing such streets. The *quantum* of care required of a traveler on a north and south street might not amount to ordinary care on the part of a traveler on an east and west street. This instruction had nothing to do with the question of contributory negligence on the part of appellee, and, in view of the fact that the court in other instructions fully and clearly instructed the jury that there could be no recovery if appellee was guilty of any negligence which proximately contributed to his injury, the jury could not have been misled or confused by the giving of this instruction.

Instruction No. 21 tendered by appellant and refused,

even if correct as an abstract statement of law, was not a proper instruction to be given to a jury under the evidence in this case. The record is absolutely silent concerning the knowledge or want of knowledge on the part of the driver of the wagon or of appellee, or of their familiarity or want of familiarity of the crossing. In any event they were each required to exercise the same degree of· care, that is, ordinary care to avoid injury to themselves, or to others.

The negligence, if any, of the driver was not to be imputed to appellee.

Judgment affirmed.