GIBSON *v.* JOHNSON ET AL.

[No. 15,644. Filed April 18, 1938. Rehearing denied October 7, 1938. Transfer denied January 9, 1939.]

*Bernard Stroyman, Robert G. Miller, James E. Deery,* and *David A. Myers,* for appellant.

*George W. Henley* and *Alfred Evens,* for appellees.

KIME, J.—This was an action by the appellant seeking to recover damages for injuries alleged to have been sustained by her as a result of a collision between the automobile which she was driving and a truck driven by the appellee Perry while acting within the scope of his employment as an employee of certain of the appellees.

The complaint was in one paragraph, which was answered by general denial. The cause was tried to a

jury who, upon instruction, returned a verdict for the Hobbs & Johnson Orchard Company and they also returned a general verdict in favor of the other appellees. The judgment followed the verdict.

The appellant's motion for new trial was overruled and this appeal followed, the error assigned being the overruling of said motion. The grounds of the motion for new trial discussed in the brief are that the verdict of the jury is contrary to law; that it is not sustained by sufficient evidence; and error of the court in giving certain instructions.

From the evidence most favorable to the appellee it appears that the appellant was married in 1928 at fifteen years of age and that in 1929 she became pregnant and miscarriage followed. That she was in 1933, while for the second time pregnant (approximately three months), driving an automobile North on Central Avenue in the City of Indianapolis; that her mother and two sisters were passengers in the automobile; that somewhere between 33rd and 34th Streets on Central Avenue the appellees' truck was parked parallel to the curb while the driver Perry had been delivering fruit to a customer; that the delivery had been completed and, as he proceeded to drive the truck from the curb, he looked into the rear-view mirror on the left hand side of the front portion of his truck and did not see an automobile approaching from the south; that he turned the wheels of the truck to the left and started the truck in motion and when he had proceeded one foot to the left the automobile which appellant was driving passed him and the left front bumper of the truck caught the right rear fender of the appellant's automobile and damaged it slightly, the evidence being that it cost only $3.00 to repair the fender.

That at the time of the collision the appellant and her mother and sisters were on their way to the State

Fair Grounds to visit an exhibition and that following the accident they proceeded to the fair grounds and appellant's two sisters did visit the exhibit but that appellant and her mother remained in the automobile for one-half hour while the sisters were at the exhibition, following which the sisters returned to the appellant's automobile and all started home, a distance of a few miles. The appellant did the driving and following her return home she was not confined to her bed but was up and around doing her customary household duties from that time on. That from the time of the accident on December 5, 1933, to January 17, 1934, when she had a second miscarriage, she had been taking a chemical or drug to produce such miscarriage and that as a result of the two miscarriages her system had probably been rendered sterile and that the alleged sterility was due to the two miscarriages, the second of which was not the result of the accident which occurred on December 5.

The evidence was in sharp conflict, the appellant contending vigorously that her condition was the result of the collision and the appellees contending that it was the result of the self-administered drug or chemical.

The appellant contends that the court by the instructions given erred in that the instructions were too much emphasized, undue prominence having been given to certain instructions and that the jury was prejudiced by the repetition and undue prominence of certain instructions. The evidence introduced produced many sharp issues of fact, the appellees contending by such evidence that the appellant had received no injury whatsoever as a result of the minor collision and that even if she had received an injury as a result of such collision it was not the proximate result of any act or acts of the appellees; that if she had received an injury as a result of such collision it had been proximately caused

by her own acts in driving too fast, the evidence most favorable to the appellees being that she was driving some forty miles per hour; or that it was proximately caused by driving too close to the line of parked vehicles, the evidence most favorable to the appellee being that the collision occurred when the front portion of the appellees' truck was only one foot west of the line of the parked vehicles on the east side of Central Avenue; or that it was proximately caused by her own failure to keep a lookout ahead, the evidence most favorable to the appellees being that she did not look; or that the accident was the proximate result of a combination of the above acts or omissions, that is, that she was guilty of contributory negligence in driving too fast, or in driving too close to the parked vehicles, or in failing to keep a lookout, and that even if the accident was the proximate cause of the appellees' negligence and she was herself wholly free from contributory negligence such collision was not the cause of the miscarriage on January 17; and that such miscarriage was a result of her intentional act in taking something internally to produce such miscarriage. From the above it can be seen that it was proper for the court to instruct the jury as to all of the issuable facts and the court did attempt to instruct the jury as to many of them and the instructions given by the court were not erroneous because they constituted undue repetition or emphasis on any particular issue.

The appellant complains also of an instruction numbered 17 given by the court contending that the court assumed the existence of facts not proven and that for such reason the instruction was erroneous. This instruction did not invade the province of the jury as it did not assume facts not proven. The instruction in effect told the jury if they should find by a preponderance of the evidence that the appellant was driving closer to the line of parked cars than

was reasonable and prudent and that was the proximate cause of the accident she could not recover. The instruction left the question of whether or not she acted in such manner as was reasonable and prudent to the jury and such instruction was not incorrect as applied to the evidence in the case. See *Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. v. Smith* (1921), 190 Ind. 656, 131 N. E. 516.

Appellant also complains of the giving of various other instructions but when each of these instructions is considered in its relation to the other instructions given and with reference to the evidence it was not necessary that all of the law applicable to the case be given in any instruction and as these instructions, when taken as a whole, fairly state the law as applicable to the evidence, there is no reversible error. The verdict is not erroneous because of any erroneous instruction given and the evidence is sufficient to sustain the verdict.

Finding no reversible error, the judgment of the Monroe Circuit Court is in all things affirmed.