**DILLON et al. v. EVANSVILLE REFINING CO., Inc.**

**Nos. 7794–7796.**

Circuit Court of Appeals, Seventh Circuit.

April 3, 1942.

14

Alfred A. Kiltz, of Evansville, Ind., and T. Morton McDonald and Douglas H. McDonald, both of Princeton, Ind., for appellant.

Harvey W. Garrett, Morton C. Embree, and Gerald E. Hall, all of Princeton, Ind., for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from three judgments rendered against it in a series of five suits which were the outgrowth of a collision between a truck owned by it and driven by one of its employees, and an automobile owned and operated by the father of the three appellees who was killed in the accident. Judgments were rendered in favor of appellant in two of the suits, those brought by the administrator of the deceased father and the mother who died as a result of injuries suffered in the accident. The three judgments appealed from were rendered in favor of the minor children, the oldest of whom was only eight at the time of the accident, in the amounts of $3,000, $4,000 and $5,000.

The case is one where two vehicles approached an intersection, both claiming the right of way, and neither yielding it to the other. The vehicles involved were a 1930 Chevrolet coach, and appellant's truck, a 6½ ton semi-trailer about forty feet long. The coach was subsequently shown to have had no braking power whatever due to the fact that the linings were entirely worn off the rear wheels, and only an inch and a half or so remained of those on the front wheels.

The accident occurred about 8:00 in the morning of May 19, 1940, at the intersection of two country roads in Indiana, neither of which was a preferred or arterial highway. Dillon was driving the coach, with his wife and baby in the front seat, and in the back seat, his wife's grandmother, then seventy-five years old, and appellees. Two witnesses, one of them the truck driver, saw the actual crash. Two others were in the vicinity at the time of the accident, in an automobile following a short distance behind the truck, but they did not see the crash because their attention had been momentarily diverted just before it occurred. All four testified as to the speed of the truck.

From the testimony it appeared that as Dillon drove his car west at a speed of from fifteen to twenty-five miles an hour along the County Line Road, which was twenty-three feet in width, appellant's truck was being driven by one Shepherd, north along Barretts Switch Road, eighteen feet in width, at a speed estimated at from twenty to twenty-five miles an hour. Shepherd stated that he saw the coach when he was about 175 feet from the crossing and the coach was about 200 feet from it, and both vehicles appeared to him to be traveling at about the same rate of speed, which he said was twenty-five miles an hour. He further stated that when he was fifty feet from the crossing he again noticed the Dillon car which was then seventy-five or eighty feet from the crossing and it was

traveling at the same rate of speed as the truck, which, as he had said, was going twenty-five miles an hour. He thereupon applied his brakes slightly, reducing his speed to fifteen to twenty miles per hour, because he wanted to be sure that he would cross the intersection first, and seeing quickly that he would, he started on, slightly accelerating his speed before entering the intersection. As he did so he noticed that the Dillon car was not stopping, and he again applied his brakes just as the collision occurred, or when he saw he was going to be hit. He said he was traveling fifteen to twenty miles an hour when he entered the intersection.

Shepherd further testified that the impact of the collision threw him out from under the steering wheel and he lost control of the truck which coasted to the left in gear, crossed a ditch about eighteen inches deep and three or four feet wide, and up into a field where it came to rest about seventy-five or eighty feet from the road. The right fender was smashed and the running board was ripped loose. The right door of the cab was also badly dented in. The actual point of collision was from four to six feet north of the center line of the intersection.

The second witness who saw the crash, although he did not testify as to the facts of it, stated that he was driving south toward the north bound truck and saw both vehicles approaching, and that they both appeared to be the same distance from the intersection, perhaps 100 feet, and the Dillon car was going about fifteen miles an hour.

After the collision, the Dillon car which had been proceeding in a westerly direction was observed to be headed northeast about eight or ten feet north of the intersection, badly wrecked, particularly on the left side. Dillon had been thrown from the car and killed. Mrs. Dillon had been caught between the front seat and the panel and was so badly hurt that she died within a few days. The baby in her lap died almost immediately. There is no question but that the three children were all hurt, although appellant questions the extent of their injuries and contends that the damages allowed by the jury were excessive. However, there was uncontradicted evidence that George, who recovered a judgment for $5,000, suffered severe head injuries; that he was unconscious for three days after the accident; and that his hearing has been somewhat impaired ever since. There was also uncontradicted evidence that Kenneth, who recovered a judgment for $4,000, suffered concussion of the brain and lacerations of the left upper arm, and that he has suffered from an intestinal disturbance ever since. James, whose judgment was for $3,000, also received head injuries including a wound in the back of the head and many small lacerations about the head and face, and concussion. He also was unconscious following the accident. All three were kept in the hospital for ten days.

Appellees charged neglience in five respects: That appellant's truck was operated at an excessive speed of thirty-five miles an hour; that its brakes were defective, and that such brakes had become saturated with oil so that they would not hold; that the driver of the truck failed and refused to yield the right of way; and that he failed to bring the truck to a stop before entering the intersection.

The court directed the jury to disregard the charges as to the condition of the brakes on the truck, there being no evidence whatever to sustain these charges. As to the charge of speed of the truck, he instructed them that they were not bound by the oral testimony as to the rate, but that in determining such fact they should take into consideration all the circumstances, including the weight of the truck and the distance it travelled after the accident, together with all those things which had any bearing on its rate of speed. With respect to the right of way, he instructed them as to the statute pertaining thereto, providing that the driver of a vehicle approaching an intersection shall yield the right to a vehicle which has entered the intersection from a different highway, and that if two enter from different highways at the same time, the driver of the vehicle on the left shall yield to the one on the right (8 Burns Ind.St.1933, § 47-2026), and their duty to determine the facts in this regard. He stated, "It might be that an impact could be on the opposite side of an intersection and yet the vehicle traveling the shortest distance might have entered the intersection first if you find that the other vehicle was traveling at such a rate of speed that it would take it to that place before the accident happened." As to the matter of stopping before entering the intersection, he told them there was no law requiring the truck driver to do that, although failure to do so might become an

act of negligence if, in the exercise of due care for his own safety and that of others traveling on the highway, it was necessary for him to stop.

Appellant contends that there was no substantial evidence to support the verdicts and judgments, and that the court should have directed the verdicts, on its motion, for the reason that it was guilty of none of the acts of negligence charged, and the accident was caused solely by the total lack of control of Dillon·over his car by reason of its faulty brakes. It also asserts error as to the court's instructions to the jury.

We must first note that no question of contributory negligence enters into this case, and that if any substantial evidence of negligence appears, the judgments must be sustained, provided the cause was submitted to the jury under proper instructions. "The rule is settled by innumerable authorities that if injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone." Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 174, 78 L.Ed. 285.

We also call attention to the fact that while the statute here involved relating to the right of way is a comparatively new one (Acts 1939, § 77, p. 289), decisions under the prior law defining the right of way did not construe the statute to give an absolute preferential right to the favored party, but instead required that each driver exercise the reasonable care of an ordinarily prudent person to avoid collision. See Elgin Dairy Co. v. Shepherd, 183 Ind. 466, 108 N.E. 234, 109 N.E. 353; Blasengym v. General Accident Co., 89 Ind.App. 524, 165 N.E. 262. See also Standard Oil Co. v. Thomas, 105 Ind.App. 610, 13 N.E.2d 336, construing the statute relating to preferential highways. Certainly we find no authority in the Indiana decisions for a construction of the statutes relating to right of way in a case where two vehicles approach an intersection at approximately the same time, that would permit one driver to speed up in order to make sure that he arrived there first in order to claim the right of way over the more slowly approaching vehicle, and thus absolve himself from a charge of negligence. And where more than one inference may be drawn from the facts it is the duty of the court to submit the question of negligence to the jury. Johnson v. Wilson, 211 Ind. 51, 5 N.E.2d 533, and cases there cited.

From our examination of the record we are convinced that a jury question was presented as to whether or not appellant was guilty of any of the charges of negligence which were alleged to have brought about the accident (except those relating to the brakes of the truck which were properly excluded from consideration). It is clear from the evidence that the two vehicles were approaching the intersection from approximately the same distance, at approximately the same rate of speed. Perhaps the Dillon car was a little farther away when Shepherd saw it, and perhaps it was going a little slower. Nevertheless, we think the jury might well find that a duty was imposed upon Shepherd, approaching from the left, to do so with such care, and with his truck under such control, that collision with the car approaching from the right could be avoided if the driver of that car did not yield the right of way, even though Shepherd actually reached the intersection first. Here it is obvious that although Shepherd had observed the Dillon car from some distance, he did not continue to observe it, and was not prepared to stop when he found that it was not stopping. We certainly cannot say as a matter of law that Shepherd was so much nearer the intersection that he was entitled to claim it without any regard to the driver of the other vehicle. Nor can we say as a matter of law that the fact that the impact occurred on the opposite side of an intersection proves that the vehicle traveling the longest distance entered the intersection first. We find no error in the instruction of the court as to this point.

Appellant further contends that the court erred in instructing the jury that it might disregard the oral testimony as to the speed of the truck, when all who testified on that· subject, including its driver, agreed on about twenty-five miles an hour. The court did not so instruct. It merely said that the jury was not bound by that testimony, but should consider all the "things" bearing on speed, including the weight of the truck and the distance it traveled after the collision. This was correct, for there were other such circumstances. True, the driver said that the impact forced him from his driving position, and that he lost control of the wheel and that at all times the engine was in gear.

That was for the jury to give such credit as it thought proper under all the circumstances. It saw the witnesses and heard them testify and it was its duty to reconcile all the testimony of all the witnesses with all the facts if it could; if not, it was authorized to believe that which it deemed most worthy of credit and disregard that which could not be reasonably and fairly reconciled therewith. We note one inconsistency in Shepherd's testimony. He stated that he was traveling fifteen to twenty miles an hour when he entered the intersection. It should be observed, however, that the first application of his brakes did not reduce his speed to less than fifteen or twenty miles an hour. After that, and before entering the intersection he accelerated his speed, and yet he said he was not going more than fifteen or twenty miles an hour as he entered the intersection. This inconsistency, slight as it may seem, was one which the jury was called upon to reconcile with all the other material evidence, if it could.

All of the testimony as to speed was merely estimated. None of the witnesses claimed to be absolutely accurate in their estimates. Moreover, it is not certain that the jury did not accept and rely upon the fact that the truck was traveling at twenty-five miles an hour until it arrived at a point fifty feet from the crossing. It will also be recalled that the truck driver said that Dillon was traveling at the same speed as the truck, and was only twenty-five feet further from the crossing than was the truck. Hence both vehicles were traveling almost thirty-seven feet each second and the truck was, in point of time, a little less than two seconds from the intersection, while Dillon was a shade more than two seconds therefrom. The actual time difference was less than half a second, and yet Shepherd at that place and time said he quickly observed the conditions and concluded that he could make it with his forty-foot truck, which was almost twice as long as the width of the road he was crossing, and required more than a second to pass a given point. From these conclusions the jury might well have, and no doubt did, rely on Shepherd's testimony as to speeds and distances as well as to the point of collision. Both parties arrived on time according to his testimony, if we consider the facts that Shepherd slowed down twice and accelerated his speed once within the last fifty feet. We have no doubt that Shepherd was the first to contact the outer edge of the crossing. This was due to the fact that he was closer to it, by a fraction of a second, but that will avail appellant nothing under the facts here presented. The jury was warranted in believing that both Dillon and Shepherd were racing to see which could arrive at the crossing first, while the duty of each was to exercise reasonable care to avoid collision. Neither did this. Dillon's failure to exercise ordinary care may have been due to lack of braking power, but that fact would only magnify his lack of care. Both drivers had the power, but not the right, to gratify their insatiate desire to preferential position with respect to the crossing. They could gamble on their own lives and property, but not upon the lives of innocent children who can not be charged with the contributory negligence of their parents.

Appellant asserts error in the refusal of the court to admit in evidence a photograph submitted by it purporting to show the condition of the truck following the accident. Inasmuch as there was no attempt on the part of appellant to show when, where, by whom, or under what circumstances the picture was taken, we find no error in the action of the court in refusing to admit it over the objection of appellees. There was no error in the amount of damages awarded.

Judgments affirmed.