# Richmond

## NATIONAL FRUIT PRODUCT CO., INC. V. ERIC LLOYD WAGNER, BY THELMA L. WAGNER, HIS NEXT FRIEND.

April 22, 1946.

Record No. 3053.

Present, All the Justices.

The opinion states the case.

*Gardner L. Boothe*, for the plaintiff in error.

*Albert V. Bryan* and *Louis M. Denit*, for the defendant in error.

Hudgins, J., delivered the opinion of the court.

Eric Lloyd Wagner, a 4-year-old infant, instituted this action by his next friend to recover damages for personal injuries. The trial court entered judgment on the verdict for plaintiff in the sum of $15,000.

The only question presented is whether the verdict is excessive.

The child was asleep on the front seat of a car driven by his grandfather when it was struck by defendant's truck, traveling at excessive speed, on the inside of a curve at an intersection. The child was knocked unconscious and received four lacerations about the face and head. One laceration extended an inch laterally from the corner of the mouth, another extended horizontally from the end of the first laceration, a third extended about an inch up from the second laceration, and the fourth was in the shape of an inverted U approximately four and one-half inches long in the frontal parietal area on the left side. The collarbone was broken. It was necessary to swathe his face and head in bandages and keep him in a cast for approximately nine days. Due to the restlessness of the child from the intense

pain and suffering, the doctors had difficulty in taking X-rays. The child was unable to open his mouth in a natural manner due to the scar tissue on the left side of his face. At the trial, eight months after the accident, the doctor testified that the scars were still disfiguring and red, that they would be permanent though plastic surgery would tend to reduce the size, and that even this would not remove the scars entirely and would not be remedial for the scar on his forehead. The doctor stated that, in his opinion, no plastic surgery should be undertaken for several years and that the child would probably outgrow the limitation on the use of his lower jaw.

Compensation for pain, suffering, broken bones and permanent disfigurement cannot be measured by a mathematical rule. Instruction D, to which there were no exceptions, submitted the question to the jury in a form that has been approved repeatedly by this court.

An impartial jury properly instructed is the best tribunal to pass upon the amount of damages to be awarded in cases involving personal injury. In *Colonna Shipyard* v. *Dunn*, 151 Va. 740, 766, 145 S. E. 342, 350, we said: "This subject has been so frequently and fully discussed in various decisions of the appellate court of this State there seems little need for a repetition of the doctrine already announced in relation to it. The settled rule is that as there is no legal measure of damages in cases involving personal injuries, the verdict of the jury in such cases cannot be set aside as excessive unless it is made to appear that the jury has been actuated by prejudice, partiality or corruption, or that they have been misled by some mistaken view of the merits of the case." See *Safety Motor Transit Corp.* v. *Cunningham*, 161 Va. 356, 171 S. E. 432.

There is no suggestion in the record that the jury were prejudiced for or against either party, or that the jury were "misled by some mistaken view of the merits."

Mr. Justice Holt, in *Aronovitch* v. *Ayres*, 169 Va. 308, 326, 193 S. E. 524, after comparing the size of the verdicts in many cases involving personal injuries, said:

"The verdict, large or small, must stand unless it is manifestly out of line and shocks our sense of justice."

Defendant, in its brief, reviews and compares the verdict under consideration with those approved in this and other jurisdictions. It contends that the size of the verdict is out of line with the average verdict approved. Since those cases were decided, the value of the dollar has been reduced. Its purchasing power is less than half what it was. Regardless of its exchange value, money is a poor recompense for pain, suffering and disfigurement. This plaintiff has permanent facial scars. Even to minimize them, he must undergo plastic surgery. This means confinement in the hospital for an indefinite period, an accumulation of hospital and doctors' bills, and additional pain and suffering.

While the verdict is large, it is not so large as to shock the conscience of the court or to lead to the belief that the jury were in any way misled.

*Affirmed.*