H. E. MCGONIGAL, INC. *v.* ETHERINGTON.

[No. 17,650. Filed June 9, 1948. Rehearing denied September 15, 1948. Transfer denied December 17, 1948.]

624

*Christian & Waltz,* both of Noblesville, *McClure & Shenk,* both of Kokomo, and *Campbell, Gimmill, Browne & Ewer,* all of Marion, attorneys for appellant.

*Van Atta, Batton & Harker,* of Marion, and *Murray, Mannon, Fairchild & Stewart,* all of Indianapolis, attorneys for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for damages upon a complaint in two paragraphs seeking a recovery for alleged personal injuries and property damage respectively. Issues were joined by an answer in denial filed to each paragraph of the complaint. The cause was tried to a jury, and the jury returned a verdict of $25,000 damages upon the first paragraph of the complaint for personal injuries, and $700 upon the second paragraph of the complaint for property damage. The court ordered a remittitur

of $7,500, and the judgment of the court upon the verdict was that the appellee should have and recover from the appellant the sum of $17,500 damages on the first paragraph of complaint, and $700 on the second paragraph of the complaint. The appellant filed a motion for a new trial which was overruled, and this appeal followed.

Error assigned for reversal is the action of the court in overruling appellant's motion for a new trial. The specifications in the motion for a new trial question the action of the trial court in giving and refusing to give certain instructions, and asserts that the damages were excessive; and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The specifications in appellant's motion for a new trial, not waived, and discussed in appellant's brief under propositions, points, and authorities, are specifications 1 to 9 inclusive and specification 14.

Specifications 1, 2, 3, 6, 7, and 8 of appellant's motion for a new trial present substantially the same questions as to whether there was any negligence on the part of appellant, and whether appellee was guilty of contributory negligence as a matter of law.

There is evidence in the record from which the jury could have found the following facts: One Eugene Coffman, who was employed as a mechanic by appellant, in such employment, was giving a 1941 Buick Sedan a 2000-mile check-up and road test. He had driven this automobile west of the City of Kokomo, and was returning driving this car in an eastwardly direction outside the corporate limits of the city on the Jefferson Street road toward an intersection where the Alto road running north and south crossed the Jefferson Street road. Neither road was a preferential highway, nor marked with stop signs. The appellee

was driving a Dodge 1½ ton truck southward on the Alto road toward the intersection. The appellee who was driving approximately 25 miles per hour slowed his truck down as he approached the intersection. Appellee entered the intersection ahead of the Buick Sedan being driven by appellant's driver. The appellant's driver looked to the right which was to the south and when he looked back the truck was in front of him in the intersection, and there was a collision between the two vehicles. The points of impact were the left front fender of appellant's Buick Sedan which struck the right side of appellee's truck at the rear of the front fender. The force of the impact threw the Dodge truck 10 to 12 feet in the air, stopping its movement southwardly and knocking such truck 35 to 50 feet eastwardly. Appellee's truck came to rest upside down. The main bed of the truck was on the pavement about 50 feet from where it was struck. The end gate of the truck was thrown by the force of the collision 100 feet from the intersection and it was broken in many pieces. After striking appellee's truck, the Buick Sedan driven by appellant's driver ran into the fence at the southeast corner of the intersection where it broke off a 12-inch cedar post and two 8-inch cedar pole braces set in concrete. The only direct evidence of the speed of the Buick Sedan was that it was traveling 40 miles per hour at the time of the collision.

The appellant contends that there is no evidence which would show appellant's driver to be guilty of any negligence. That appellant's driver was driving east on a paved highway at a speed not greater than 40 miles per hour. That appellant's driver was approaching the intersection from appellee's right which compelled appellee to yield the right-of-way to appellant's

driver. That by looking to his own right immediately prior to the collision he was not negligent, and that appellant's driver had the right to presume that appellee would yield the right-of-way. The appellant, also insists, that appellee, by entering into this intersection ahead of appellant's car, under the circumstances, was guilty of contributory negligence as a matter of law. That appellee was bound to foresee the disastrous result of proceeding upon the intersection under the circumstances then existing.

One of the premises of appellant's contention, that its driver was not guilty of negligence, was that two witnesses who testified as to the speed of appellant's car stated it was traveling but 40 miles per hour at the time of the collision. The jury, however, had the right to infer that such testimony was refuted by the physical facts and circumstances of this collision, when the witnesses admitted that the force of the impact threw the heavy Dodge truck up into the air some 10 or 12 feet. There were other physical facts and circumstances shown by the evidence and set out in this opinion in the statement of facts, from which the jury could have properly found that appellant's driver was driving at a dangerous and excessive rate of speed at the time of the collision sufficient to constitute negligence.

It is well settled that a fact may sometimes be established by circumstantial evidence more firmly than by direct evidence which is conflicting therewith. 32 C. J. S., Evidence, § 1016, p. 1039; *Pennsylvania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N. E. 2d 436.

Where the facts are reasonably susceptible of more than one inference or conclusion, the question of negli-

gence and contributory negligence is for the jury. *Johnson* v. *Wilson* (1937), 211 Ind. 51, 5 N. E. 2d 533; *Dillon* v. *Evansville Refining Co.* (1941), 127 F. 2d 13; *Standard Oil Co.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. 2d 336; *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. 2d 797; *Earle* v. *Porter* (1942), 112 Ind. App. 71, 40 N. E. 2d 381;*Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816.

By reason of the circumstantial evidence as found in the physical facts surrounding this collision, one reasonable inference which the jury could properly have drawn, was that appellant's car was being operated at a very excessive rate of speed under such circumstances as would unquestionably make appellant's driver guilty of negligence. This evidence, together with the fact that appellant did not slacken such speed when he approached appellee's vehicle which had already entered the intersection, made the question of the appellant's negligence one for the jury. There was clearly evidence from which the jury could have properly found that if appellant's driver had had his car under control, and had been driving it as a reasonable and prudent man would have driven it under the circumstances, and had properly observed appellee's truck as it entered the intersection, there would have been no collision, and that his failure so to do was the proximate cause of such collision.

We must determine the question raised by appellant's assignment of error whether under the circumstances, appellee was guilty of contributory negligence as a matter of law. The appellant contends that since its driver was approaching the intersection from appellee's right that appellee, by reason of the rule of the road

and by statute, was required to yield the right-of-way to appellant's driver. Appellant contends that its driver had a right to presume that appellee would yield the right-of-way.

However, highway rules announced by the courts and statutes enacted by the Legislature defining the rights and conduct of automobiles meeting at a highway intersection are not unyielding under all circumstances, and must be applied in each case in the light of the particular circumstances involved. The fact that a statute or rule of the road gives a motorist a preference does not allow him to abandon reasonable prudence and care for the safety of others, and does not avail himself of such right with complete indifference or disregard of the safety of others. *Kraning* v. *Bloxson, Admx.*, (1937), 103 Ind. App. 660, 5 N. E. 2d 649; *Wolf* v. *Vehling* (1923), 79 Ind. App. 221, 137 N. E. 713; *Standard Oil Co.* v. *Thomas, supra.*

The operator of an automobile, upon approaching an intersection, is required to exercise reasonable care under the circumstances, but is not required to wait until all vehicles in sight have passed. *Jones* v. *Kasper, supra.*

The jury in the instant case could have drawn a reasonable inference from the circumstantial evidence that appellant's Buick Sedan was being driven at such an excessive and unreasonable rate of speed as to mislead appellee and cause him to enter the intersection upon a belief that by using reasonable care he could pass on safely ahead of the Buick. A motorist, in determining whether he can safely avail himself of the right to cross over a street intersection, is not bound to anticipate a sudden violation of a statute or rule of the road by others which

would involve a danger to him not otherwise apparent. *Kraning* v. *Bloxson, Admx., supra.*

Since appellee was not bound to anticipate that appellant's driver would operate his automobile at a high and dangerous rate of speed and in such a reckless and dangerous manner as shown by the circumstantial evidence in this case, involving danger not then apparent to appellee, the jury was justified in drawing the reasonable inference that the appellee used due care and proceeded legally into such intersection. Considering the evidence of the facts and circumstances disclosed in the case at bar, we find a situation where the facts are reasonably susceptible of more than one inference on this proposition, and the question of contributory negligence was therefore for the jury. We hold that the evidence does not show that appellee was guilty of contributory negligence as a matter of law.

The appellant's fourth specification of error in this motion for a new trial is that the court erred in giving to the jury instruction numbered 3 as tendered and requested by appellee.

This instruction numbered 3 tendered by appellee was as follows:

"The Court instructs the Jury that when two vehicles enter an intersection at the same time the one on the left shall yield the right of way to the vehicle on the right; but, however, when one vehicle has already entered the intersection and the other vehicle has not, then the vehicle which entered the intersection first has the right of way over the other. And if you find from a fair preponderance of the evidence in this cause that the plaintiff's truck entered the intersection first and before the Buick automobile entered said intersection then the plaintiff had the right of way and the right to proceed across said intersection."

The right-of-way statute in force when appellee's right of action accrued reads as follows:

"47-2026. Approaching or entering intersection. —(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. (b) When two (2) vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. (c) The foregoing rules are modified at through highways and otherwise as hereinafter stated in this article. (Acts 1939, ch. 48, Para. 77, p. 289.)"

The appellant cites the case of *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262, decided by the Appellate Court in 1929 in support of its position. In this case, this court construed the right-of-way law then in existence. Such right-of-way law was passed by the Acts of 1925, ch. 213, paragraph 53, p. 570 and amended by the Acts of 1927, ch. 230, paragraph 5, p. 662. This statute provided as follows:

"Except as hereinafter otherwise provided, every motor vehicle or motor-bicycle traveling upon any public highway shall give the right-of-way to any other motor vehicle, motor-bicycle or other vehicle approaching along an intersecting highway from the right and shall have the right-of-way over those vehicles approaching along an intersecting highway from the left."

This statute does not provide that the motor vehicle reaching an intersection first shall have the right-of-way as the present statute does.

In the Blasengym case the plaintiff's automobile entered the intersection to the left of the defendant but apparently entered such intersection before the

defendant had reached the intersection, and the Court gave the following instruction:

"The court instructs you that every motor vehicle traveling upon the public highway has the right-of-way over all other motor vehicles approaching along an intersecting highway from the left, but if the motor vehicle approaching from the left arrives at the street or highway intersection first, then it has the right-of-way over vehicles approaching from the right."

The Appellate Court reversed the decision of the lower court holding that such instruction was erroneous. The statute in force at the time of the decision in the Blasengym case has been amended to provide that: "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway."

Appellee's instruction numbered 3 merely states the right-of-way rules set forth in specification (a) and (b) of Chapter 48, Acts of 1939. It is true that this instruction is incomplete, but it is not a mandatory instruction directing the jury to return a verdict for the plaintiff or defendant under certain circumstances.

In addition, the court gave on its own motion, court's instruction numbered 16 wherein in a lengthy instruction, it recited the said right-of-way statute in force, and set forth quotations from the decisions of this court stating all of the possible exceptions and modifications which the jury should consider. As a part of this instruction, the court stated:

"You are further instructed that it was the duty of both the plaintiff and the defendants employe to obey and comply with these statutes and that the violation of any of the provisions of said

laws by either of them would constitute negligence as a matter of law; and in this case if you should find from the evidence that the defendant by its employe negligently drove and operated the defendant's Buick Automobile in violation of either or both of said laws as alleged in the plaintiff's complaint and that such negligent and unlawful act, if any, was the sole proximate cause of the plaintiff's injuries and damage, if you find that he was injured and damaged, then your verdict should be for the plaintiff; and in like manner if you find from the evidence that the plaintiff negligently drove his truck in violation of either or both of said laws and that such negligent and unlawful act, if any, proximately caused or contributed to produce the injuries and damage complained of, then your verdict should be for the defendant.

"In this connection, however, you are further instructed that the right-of-way statute and other statutes enacted by the Legislature for the guidance of motorists in the operation of motor vehicles on the public highways were enacted as safety measures to guard against the danger of collision between automobiles and the rules announced by such statutes are not unyielding under any and all circumstances and they must be applied in each instance in the light of the facts and circumstances involved in the particular case under investigation. The driver of an automobile upon a public highway in this State should exercise reasonable care in its operation and not assume that because the rules as announced by the courts or statutes enacted by the Legislature give him certain rights and preferences, he can avail himself thereof with apparent indifference to the safety and rights of other persons using the public highways. The statutory right-of-way given to the vehicle which has already entered the intersection over a vehicle approaching the intersection from a different highway is not an absolute one; neither is the statutory right-of-way given to the vehicle on the right over the driver of the vehicle on the left where two vehicles enter an intersection from different highways at the same time an absolute right."

The court also gave two instructions tendered by appellant construing and explaining the right-of-way statutes in appellant's instructions numbered 4 and 13.

Even though instruction numbered 3 tendered by appellee was incomplete, it restated the provisions of the right-of-way statute correctly, and considering it with other instructions given, we do not feel the jury could have been misled.

We must consider the instructions as a whole, and if when so considered, they fairly inform the jury of the rights and duties of the parties to this action, they are sufficient. *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *Stinebaugh* v. *Lucid* (1937), 103 Ind. App. 690, 7 N. E. 2d 69; *Southern Ind. Gas & Elec.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313; *Yellow Cab Co.* v. *Kruszynski* (1935), 101 Ind. App. 187, 196 N. E. 136; *Jones* v. *Kasper, supra.*

All of the applicable law need not be stated in one instruction. It is sufficient if the instructions, when taken as a whole, fairly state the law applicable to the evidence. *Gibson* v. *Johnson* (1938), 106 Ind. App. 103, 14 N. E. 2d 337.

The appellant's fifth specification of error in its motion for a new trial is that the court erred in giving to the jury instruction numbered 4, requested by appellee. This instruction reads as follows:

"The Court instructs you that the driver of a vehicle lawfully using a public highway has the right to assume that others using it in common with him will use ordinary care to avoid injuring him, and, in determining whether he can safely avail himself of the right to cross over an intersecting highway he is not bound to anticipate a sudden violation of the statute or rule of the road

by other persons using the highways which would involve a danger to him not then apparent."

The appellee in the instant case was not bound to anticipate the reckless and dangerous manner of the operation of the Buick Sedan by appellant's driver at this intersection as shown by the circumstantial evidence heretofore related in detail in this opinion. The foregoing instruction was proper under the evidence and the law. *Gagle* v. *Heath* (1944), 114 Ind. App. 566, 53 N. E. 2d 547; *Kraning* v. *Bloxson, supra.*

The appellant's ninth specification of error in the motion for a new trial is that the court erred in refusing to give to the jury instruction numbered 5, requested by appellant. This instruction reads as follows:

> "A person who proceeds into a place of known danger without exercising reasonable care does so at his own risk. So if you find that plaintiff was familiar with said intersection and the vicinity thereabout and knew of the usual traffic conditions and travel upon said roads, and that there was danger at said intersection, and that by looking to the west he could have discovered the approach of defendant's car at such a distance as would have enabled plaintiff to have stopped or otherwise to have avoided a collision, in the exercise of ordinary care, and that plaintiff failed to look to the west but proceeded upon said intersection without regard as to whether there was an automobile approaching from the right, and that such failure on the part of plaintiff proximately and materially assisted in bringing about his injury, he cannot lawfully recover in this case."

The appellee contends that error predicated on the court's refusal to give appellant's requested instructions are waived by reason of the failure of the appellant to include such instructions in appellant's statement of the record in its brief. While such instruction should have been set forth in appellant's

statement of the record, under the interpretation of the rules by the Supreme Court, since appellant has fully set forth in the brief all of the instructions given, and also, in the brief under Propositions, Points, and Authorities, has set out fully this tendered instruction numbered 5, we are constrained to consider this specification of error.

The first sentence of this instruction assumes that the intersection in question was a "place of known danger." This assumption is not born out by the evidence. Also, appellee was not bound to anticipate the reckless and dangerous manner of the operation of the Buick automobile by appellant's driver at this intersection. There was nothing in the evidence which would have justified an inference that appellee went into a place of *known* danger. It was, therefore, not error for the court to refuse to give this instruction.

Appellant's fourteenth specification of error in its motion for a new trial is that the damages assessed were excessive. Appellee, who was 28 years old, at the time of the accident suffered injuries consisting of a basal skull fracture, concussion of the brain, a fractured shoulder, and crushing fractures of the second and third cervical vertebrae. As a result of these injuries, appellee was unconscious for two days and he was confined to the hospital for nineteen days. He was also forced to wear a neck brace of steel and leather for 142 days. After five years, he still suffers painful headaches and neck pains. He was, after five years from the date of the accident, wholly unable to rotate his neck to the left, and can only turn it slightly to the right. The up and down movement of his neck is approximately 25 percent of normal. He continuously suffers from headaches,

sleeplessness, and other nervous symptoms. He suffered a loss in his farming and trucking business for about a year, he still tires easily, and has to have help in any lifting operations.

Upon the basis of the above facts of appellant's permanent injuries, we cannot say as a matter of law that it exceeds a fair and reasonable amount to appellee for the serious injuries suffered as a proximate result of appellant's negligence.

We feel that the verdict cannot be held to be the result of passion, prejudice, or partiality by reason of the amount awarded, or the fact that the court ordered a remittitur. Considering appellee's injuries and the permanent nature thereof in the light of the adjudicated cases, we hold that they are not excessive. *Jones* v. *Kasper, supra; Hamilton, Harris & Co.* v. *Larrimer* (1914), 183 Ind. 429, 105 N. E. 43; *Pentecost Construction Co.* v. *O'Donnell* (1942), 112 Ind. App. 47, 39 N. E. 2d 812; *National Fruit Product Co.* v. *Wagner* (1946), 185 Va. 38, 37 S. E. 2d 757.

We feel that this case was fairly tried and a just result reached.

Judgment affirmed.

NOTE.—Reported in 79 N. E. 2d 777.