# Richmond

## WILLIE A. BOWEN v. MELVIN P. PERNELL.

January 16, 1950.

Record No. 3550.

Present, All the Justices.

The opinion states the case.

*L. J. Hammack* and *L. J. Hammack, Jr.*, for the plaintiff in error.

*A. S. Harrison, Jr.*, for the defendant in error.

STAPLES, J., delivered the opinion of the court.

This is an action brought by the defendant in error, hereinafter referred to as plaintiff, to recover damages for the alienation of the affections of his wife and for criminal conversation with her by the defendant, Willie A. Bowen.

The defendant seeks reversal of a judgment against him for $15,000, which was entered upon the verdict of the jury. It appears from the record that $5,000 of the amount fixed by the verdict was for compensatory and $10,000 for punitive damages.

The assignments of error relied on by the defendant may be summarized as raising the following four questions:

1. Whether there is sufficient evidence to sustain a finding by the jury that the defendant alienated the affections of the plaintiff's wife, Mrs. Pernell.

2. Whether there is sufficient evidence to sustain a finding that the defendant, Bowen, had criminal conversation with Mrs. Pernell.

3. Whether there is sufficient evidence to justify the giving of Instruction No. 7 relating to punitive damages and to sustain the award by the jury of such damages.

4. Whether the verdict of the jury is excessive.

The background of the case may be stated as follows: The plaintiff, Melvin P. Pernell, after a courtship of some months, married Francis Virginia Walker, of Lunenburg county, on August 16, 1944. They first resided in Blackstone, and later in Brunswick county, when the plaintiff and his brother, Horace Pernell, in July, 1946, rented a house from the defendant, Bowen, and they and their respective wives moved there to live. This house was located across the road from the defendant's residence and a store which he owned and operated. Soon after moving into their new home, the plaintiff's wife, Mrs. Pernell, became friendly with the family of the defendant, Bowen, and visited them

frequently. At this time both the plaintiff and his brother, Horace, were employed by the Rosemary Manufacturing Company, of Roanoke Rapids, North Carolina. The hours of their work required them to leave home daily about 1:00 p. m. and return about midnight. Mrs. Horace Pernell was occupied most of the time in caring for her young baby and she retired each night about 8:00 o'clock.

At this time, the plaintiff's wife was twenty-one years of age and the defendant, Bowen, was fifty-eight. He had been married some twenty years and had three daughters who were attending college.

The evidence is undisputed that a love affair developed between Mrs. Pernell and Bowen. This was shown principally by numerous love letters which they exchanged. At first these letters would be left in a chicken house, where the party for whom they were intended would find them at a designated spot. Later Mrs. Pernell delivered her letters in person to Bowen at the store. The affair was so secretly carried on that no one suspected any intimate relationship between them until in September, 1947, when the defendant's wife found, in his pocket, a letter which he had received from Mrs. Pernell. Defendant's wife showed this to the plaintiff, who then took Mrs. Pernell back to live with her parents. She was still living with them at the time of the trial in November, 1948.

As to the first contention of the defendant that the evidence is not sufficient to sustain a finding by the jury that Bowen alienated the affections of Mrs. Pernell, it appears that the finding is supported, not only by the letters which she wrote him, which were introduced in evidence, but also from her testimony. She was called by the plaintiff as an adverse witness. Her testimony appears in the record in narrative form. In response to the question "if she and the defendant, Bowen, loved each other," she replied "that they did, that love just comes gradually and naturally; that when she started exchanging notes with Mr. Bowen she didn't

think there was any harm in it, but that one thing just led to another."

The plaintiff testified that his wife "was as good a wife as any man ever had" but did not love him anymore; that after her clandestine affair she was in love with Bowen; that "A woman can't love two men at the same time, and I know that she loved him or she would not have done what she did with him." He further stated that there could be no reconciliation between them, and he could not again live happily with her because "he could not enjoy any happiness or peace of mind with his wife; that he would always be worried that the same thing would happen again, and he would think about that every time he left home, and would think what happened when he was with her."

The defendant contends that the admission of the plaintiff that he and his wife lived happily until the discovery of her misconduct shows that there was no alienation of her affections with respect to her husband. The jury, however, were justified in finding that Mrs. Pernell was infatuated with Bowen, and the fact that she concealed her misconduct from her husband did not necessarily indicate that she still entertained a genuine love and affection for him.

Defendant next contends that the evidence is insufficient to establish that he had criminal conversation with Mrs. Pernell; that adultery must be proven by clear and reliable evidence. In support of this position, he relies upon *Holt* v. *Holt*, 174 Va. 120, 5 S. E. (2d) 504; *Haskins* v. *Haskins*, 188 Va. 525, 50 S. E. (2d) 437. From these cases and other authorities cited, it may be said that the rule in Virginia requires the charge of adultery to be proven by evidence sufficient to lead the guarded discretion of a reasonable and just man to a conclusion of guilt. It is well settled, however, that such proof may be by circumstantial as well as direct evidence. *Kirby* v. *Kirby*, 159 Va. 544, 166 S. E. 484. Are the testimony and letters in the record before us sufficient to justify the jury in its conclusion that the de-

fendant and Mrs. Pernell were guilty of the offense charged? We think they are.

Both the defendant, Bowen, and Mrs. Pernell were summoned by the plaintiff as adverse witnesses and testified at the trial. They both admitted that for some time they had been writing each other love letters of a highly amorous and passionate nature. In one of these letters Mrs. Pernell said: "Hope this letter finds you feeling fine. This leaves me with some pains in my stomach but I hope I will be able to meet you tonight. The pain kinda like I am going to start something but I hope it dont start before you get some." This letter was written by Mrs. Pernell and received by Bowen. Both testified that they understood its meaning. There can be but one interpretation of it. She was inviting Bowen to meet her that night and have sexual intercourse with her before her menstrual period should prevent. Although this letter was introduced in evidence, neither Bowen nor Mrs. Pernell denied that they met and consummated that plan.

It would serve no worthy purpose to discuss the voluminous correspondence in detail. Taken as a whole, the implication of their guilt is clear and positive. Moreover, although the defendant was charged with criminal conversation in the notice of motion for judgment, and although he was called to the stand as an adverse witness, nowhere did he deny this charge, nor did he afterwards resume the stand in his own defense. Furthermore, Mrs. Pernell, in her testimony, did not undertake to deny the plain implications from the letters which she and the defendant admitted they wrote to one another. The evidence abundantly supports the finding of adultery on the part of both. In truth, no other conclusion could reasonably be expected.

The next error assigned by the defendant is the giving of Instruction No. 7, which permitted the jury to award exemplary or punitive damages against him. The instruction complained of is as follows:

"The court instructs the jury that damages recoverable in this case, if the jury believe that the plaintiff is entitled

to recover, are of two kinds: (1) Actual or compensatory damages; and (2) Exemplary or punitive damages.

"Actual or compensatory damages are the measure of loss or injury sustained, and may embrace shame, mortification, humiliation, mental pain and suffering, the value of the wife's services, and the value of the loss of her society, affections, assistance, aid and companionship.

"Exemplary or punitive damages are something in addition to full compensation, not given as the plaintiff's due, but given rather with a view to the enormity of the offense, to punish the defendant and thus make an example of him so that others may be deterred from committing similar offenses. Exemplary or punitive damages are given only where the wrongful act is done with a bad motive, or is characterized by circumstances of aggravation, or in a manner so wanton or reckless as to manifest a wilful disregard of the rights of others. Therefore, if from the evidence, the jury believe that the defendant committed the wrongful acts complained of in reckless disregard of the rights of the plaintiff, or with a bad motive, the jury may, in addition to compensatory damages, award as exemplary or punitive damages, such further sum as they may think right, in view of all the circumstances of the case, not exceeding the amount claimed in the plaintiff's notice of motion for judgment."

The defendant did not claim before the trial court that the instruction does not contain a correct statement of the law. The only objection made to it was that there was not sufficient evidence to support it. We will therefore accept it as the law of the case.

The plaintiff contends that the conduct of the defendant in his relations with Mrs. Pernell was so wanton and reckless as to manifest a wilful disregard of the plaintiff's rights. He points out that, even after the discovery of the secret correspondence, and after the plaintiff had taken Mrs. Pernell back to live with her parents, the defendant, Bowen, continued to write her and sought to see her and have her meet him in South Hill, and also endeavored to get her to come to

his store one Sunday when his wife and family were to be away. A number of such letters mailed by the defendant to Mrs. Pernell were introduced in the record, though she responded to none of them.

It was further shown from the testimony of Mrs. Pernell that Bowen became jealous and at night would eavesdrop on Mr. and Mrs. Pernell when they were in their bedroom. On one such occasion he was much disturbed because he thought he heard them having marital relations which he strenuously opposed. Mrs. Pernell also testified that she and the defendant realized the possible consequences of what they were doing, and the defendant had promised her that, if she and her husband ever broke up, he would see that she did not suffer.

In view of the foregoing and the other testimony heretofore adverted to, we conclude that there was ample evidence to justify the court in submitting to the jury the question of exemplary or punitive damages, and also to sustain the verdict of the jury in awarding them.

The defendant also insists that the verdict is excessive. We can find nothing in the record, however, to suggest that the jury was misled by the instructions, or was prejudiced for or against either party. Certain tax records of Brunswick county for the year 1948 were introduced in evidence, from which it appeared that the defendant was the owner of seven different tracts of real estate, and that on January 1, 1948, he was possessed of money in bank to the extent of $15,000. He was the owner of a brick family residence, and owned and operated a nearby country store and filling station. He did not take the stand to testify as to his wealth.

The verdict was approved by the judge of the trial court who saw the witnesses and heard all of the evidence. We cannot say that it is manifestly out of line, or that it shocks our sense of justice. See *Aronovitch* v. *Ayres*, 169 Va. 308,

193 S. E. 524; *National Fruit Product Co., Inc.* v. *Wagner,* 185 Va. 38, 37 S. E. (2d) 757.

We find no error in the judgment complained of and it must be affirmed.

*Affirmed.*